## PEOPLE *v.* HENRY ROBINSON

### OPINION OF THE COURT

1. ARREST—PRIVATE PERSON—MISDEMEANORS—LARCENY BY CONVERSION UNDER $100.

An arrest of a defendant made by a private person for the crime of larceny by conversion under $100 is illegal, because that crime is a misdemeanor and private persons are not authorized to make arrests for misdemeanors (MCLA 764.15).

2. ARREST—ARREST WITHOUT WARRANT—MISDEMEANOR—OFFICER'S PRESENCE.

A police officer does not have the authority to arrest a person without a warrant for a misdemeanor not committed in his presence (MCLA 764.15).

3. ARREST—ILLEGAL ARREST—SUBSEQUENT PROCEEDINGS—LEGALITY.

An illegal arrest does not make all subsequent proceedings void.

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  5 Am Jur 2d, Arrest §§ 34–36.
[2]  5 Am Jur 2d, Arrest § 26 *et seq.*
[3]  5 Am Jur 2d, Arrest §§ 116, 117.
[4]  5 Am Jur 2d, Arrest § 22.
[5, 6]  47 Am Jur, Searches and Seizures § 19.
  5 Am Jur 2d, Arrest § 73.

4. ARREST—ILLEGAL ARREST—SUBSEQUENT PROCEEDINGS—COMPLAINT AND WARRANT.

> The fact that a defendant has been illegally arrested cannot be considered at his trial where it appears that the arrest was followed by a complaint and warrant on which he was properly held for trial, or where he was regularly bound over to the circuit court for trial.

CONCURRENCE BY LEVIN, P. J.

5. SEARCHES AND SEIZURES—PRISONER INVENTORY—POLICE OFFICER'S OBSERVATION.

> *Information obtained by a police officer through the exercise of his senses as he observes articles being removed by a prisoner from his pockets and transferred to a receptacle for safekeeping is not information obtained as a result of a search.*

6. SEARCHES AND SEIZURES—PRISONER INVENTORY—PLAIN VIEW.

> *Evidence that defendant had committed a robbery in which he had stolen an initialed cigarette lighter need not be suppressed where the evidence was obtained when a police officer casually observed that defendant had the lighter among his effects while conducting a routine prisoner inventory of the defendant's possessions after defendant's illegal arrest on another matter; the information concerning the lighter which subsequently connected the defendant with the robbery for which he was convicted and appeals was not the fruit of the illegal arrest, because the vital link between the defendant and the crime was established by information obtained by a method that was not a search.*

Appeal from Recorder's Court of Detroit, George W. Crockett, Jr., J. Submitted Division 1 October 14, 1971, at Detroit. (Docket No. 10481.) Decided November 23, 1971. Leave to appeal granted January 26, 1972. 386 Mich 786.

Henry Robinson was convicted of unarmed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,*

Chief, Appellate Department, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow,* State Appellate Defender, for defendant.

Before: Levin, P. J., and R. B. Burns and J. H. Gillis, JJ.

R. B. Burns, J. Defendant was convicted of unarmed robbery. MCLA § 750.530 (Stat Ann 1954 Rev § 28.798). On appeal he claims that the trial judge erred by not dismissing the case as his arrest was illegal, and that it was reversible error not to suppress from evidence a cigarette lighter.

The complainant, Jessie Tate, testified that the defendant grabbed him by the arm and forced him into a hallway of an apartment building. The defendant then proceeded to take everything out of his pockets, including $73.90, a pocket knife, and a lighter with the initials "J T" on it.

John E. W. Jones testified that on or about the same day the defendant asked him if he could use a color TV set, and offered to sell him one for $125. Jones paid the defendant $40, and when the defendant and his partner left him he became suspicious and followed them. The two men ran away. Two weeks later Jones saw the defendant, went to his truck, secured a rifle, confronted the defendant, and forced him to walk to the police station. At the police station the police arrested the defendant on Jones's complaint.

During an inventory of defendant's possessions the police officer discovered a lighter with the initials "J T". The complainant was called and identified the defendant in a lineup and the defendant was charged in the present case.

At the close of the people's case the defendant moved to dismiss the case because of the illegal arrest and to suppress the lighter from evidence because of unlawful search and seizure. Both motions were denied.

Defendant is correct that neither of the arrests were valid. MCLA § 764.16 (Stat Ann 1954 Rev § 28.875) provides:

"A private person may make an arrest—

"(a) For a felony committed in his presence;

"(b) When the person to be arrested has committed a felony although not in his presence;

"(c) When summoned by any peace officer to assist said officer in making an arrest."

Jones did not have the authority to arrest the defendant. Larceny by conversion under $100 is a misdemeanor. MCLA § 750.362 (Stat Ann 1954 Rev § 28.594).

The police officer arrested the defendant on the strength of Jones's verbal complaint. A police officer does not have the authority to arrest a person without a warrant for a misdemeanor not committed in his presence. MCLA § 764.15 (Stat Ann 1954 Rev § 28.874).

An illegal arrest does not make all subsequent proceedings void. When a defendant has been arrested without a warrant or illegally, that fact cannot be considered at trial where it appears the arrest was followed by a complaint and warrant on which the defendant was held for trial, or, where the defendant was regularly bound over to the circuit court for trial. Even though a defendant is illegally arrested, he cannot say that he should not be tried at all. *People* v. *Miller* (1926), 235 Mich 340; *People* v. *Nawrocki* (1967), 6 Mich App 46.

Defendant did not move to suppress the lighter from evidence prior to trial, nor did he object to the introduction of the lighter in evidence. He waited until the people had presented their case and closed their proofs before he moved to suppress the lighter from evidence.

MCLA § 769.26 (Stat Ann 1954 Rev § 28.1096) provides that no verdict shall be set aside, reversed, or a new trial granted on grounds of improper admission of evidence unless in the opinion of the court it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice.

In this case there was no miscarriage of justice.

Affirmed.

J. H. GILLIS, J., concurred.

LEVIN, P. J. (*concurring*). When a person is arrested and jailed it is a customary procedure to require him to remove and deposit his personal belongings with the jailer.

Information obtained by a police officer through the exercise of his senses as he observes articles being removed by a prisoner from his pockets and transferred to a receptacle for safekeeping is not information obtained as a result of a search.

In *People* v. *Trudeau* (1971), 385 Mich 276, 281, the Michigan Supreme Court carefully noted that its holding in that case was "not to be construed as in any way affecting essential steps which must be taken by the police in processing a prisoner as outlined in *United States* v. *Wade* (1967), 388 US 218 (87 S Ct 1926, 18 L Ed 2d 1149), and to assure the protection of the police and of other prisoners".

The record in this case would not support a finding that the lighter the defendant purloined from

Jessie Tate was discovered in a search of the defendant's belongings. For all that appears on this record,[1] the lighter bearing the initials "J T" was observed by a police officer as the defendant removed articles from his pockets shortly after his arrest.

A different question would be presented if the record showed that the information which led the police to connect the defendant with the unsolved robbery was only discovered when an officer closely examined the article and was not discovered during a casual observation of an article in plain view.

Once the police learned that the defendant had in his possession a lighter bearing the initials "J T" seizure of the lighter added nothing to the *information* at their disposal.[2] Even if further investigation was required to ascertain whether there was any connection between the lighter and another reported unsolved crime, the seizure of the lighter was not the source of a clue leading to the defendant. The source of the chain of evidence which led the police to connect the defendant with the Tate robbery was the sighting of the initials "J T" on the lighter and that, so far as this record shows, occurred when the lighter was first seen without an

[1] "A convicted person who attacks the adequacy of the representation he received at his trial must prove his claim. To the extent his claim depends on facts not of record, it is incumbent on him to make a testimonial record at the trial court level in connection with a motion for a new trial which evidentially supports his claim and which excludes reasonable hypotheses consistent with the view that his trial lawyer represented him adequately." *People v Jelks* (1971), 33 Mich App 425, 431.

[2] It appears that both offenses, the Tate robbery and the offense for which the defendant was originally arrested, occurred in the same precinct. The lighter may have been sighted by an officer who was aware of the robbery of Jessie Tate and made the connection without further investigation. In all events, there was not here the kind of further investigation of physical evidence taken from a defendant's possession before the "vital link" was established that was conducted by the police in the *Trudeau* case.

unjustified invasion of the defendant's right of privacy.

There being nothing in the record to show that the police learned of the initials "J T" as a result of a search, the derivative evidence, *i.e.*, the knowledge that the defendant robbed Jessie Tate, need not be suppressed.[3] Moreover, it does not appear that it was reasonably foreseeable by the police when the defendant was required to empty his pockets that they might obtain evidence of the kind they obtained. See *People* v. *Roderick Walker* (1970), 27 Mich App 609, 617.

[3] *Cf. People* v *Weaver* (1971), 35 Mich App 504.