PEOPLE v TERRANCE CARTER

1. SEARCHES AND SEIZURES—EVIDENCE—OFFICER'S OBSERVATION.

Information obtained by a police officer through the exercise of his senses when he observes articles being removed by a prisoner from his pockets is not evidence obtained as a result of a search and the derivative evidence is admissible and is not fruit of an illegal search.

2. SEARCHES AND SEIZURES—EVIDENCE—ADMISSIBILITY.

Inadvertent observation of stolen credit cards in a prisoner's possession by an officer investigating an unrelated charge when the prisoner is emptying his pockets cannot be deemed a foreseeable product of the search and suppression of such evidence deters no illegal practices; therefore the evidence is admissible, where the causal connection of the prisoner with the unsolved crime was apparent upon observation of the credit cards and necessitated no further investigation.

3. CRIMINAL LAW—WITNESSES—ALIBI WITNESSES—FAIR TRIAL—EFFECTIVE ASSISTANCE OF COUNSEL.

Appointed counsel's failure to call an alibi witness and to object to jury instructions on the defense of alibi is a tactical decision and not grounds for a claim of ineffective assistance of counsel and did not effect a denial of a fair trial.

4. CRIMINAL LAW—JUDGE'S COMMENTS—FAIR TRIAL.

Trial judge's statement to the jury that they were being excused "so you don't hear what goes on" is an explanation of events and neither prejudiced nor denied defendant a fair and impartial trial.

Appeal from Recorder's Court of Detroit, Frank G. Schemanske, J. Submitted Division 1 June 21, 1972, at Detroit. (Docket No. 12889.) Decided November 28, 1972.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 29 Am Jur 2d, Evidence § 415.
[3, 4] 53 Am Jur, Trial § 35.

Terrance Carter was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*Samuel A. Turner,* for defendant on appeal.

Before: LEVIN, P. J., and V. J. BRENNAN and BRONSON, JJ.

BRONSON, J. Defendant was convicted by jury verdict of robbery armed and sentenced to serve a prison term of 7-1/2 years to 20 years. MCLA 750.529; MSA 28.797. From this conviction he appeals as a matter of right.

On February 25, 1970, Reverend Harold Botts was robbed of his wallet by two men, one of whom was wielding a revolver, at the Community Christian Reform Church in Detroit. This wallet contained $28 and a number of credit cards bearing his signature.

Two days later defendant was arrested by Detroit police officers upon another criminal charge. At the police station defendant's personal possessions, including a wallet containing various credit cards, were inventoried and taken by police officers for safekeeping. During this process defendant's possessions were openly placed upon a desk to facilitate their identification and recordation. The police officer investigating the robbery of Reverend Botts passed the desk at the appropriate instant, observed the exposed credit cards and discovered that they were issued to Harold Botts. Defendant was charged with armed robbery and subsequently

identified by the complainant. A trial was conducted and the jury returned a guilty verdict. Defendant challenges this conviction, alleging that (1) his original arrest was illegal as not being supported by probable cause, (2) the illegal arrest tainted the subsequent search, requiring the suppression of the credit cards as its illegal fruits, and (3) he was denied a fair and impartial trial by the ineffective assistance of appointed counsel.

Defendant's motion to suppress was predicated upon the allegedly illegal arrest. We find it unnecessary to decide this issue since the evidence is admissible in any event.

The Court in *People v Henry Robinson,* 37 Mich App 115 (1971), *leave granted* 386 Mich 786 (1972),[1] was confronted with an analogous case. There evidence of the crime charged was discovered when defendant displayed a lighter with the initials "J T" during an inventory of his personal possessions conducted subsequent to an illegal arrest. The *Robinson* Court failed to find a miscarriage of justice resulting from the admission of the challenged evidence. Judge LEVIN in his concurring opinion articulated the basis justifying such admission in his statement that:

> "*Information obtained by a police officer through the exercise of his senses* as he observes articles being removed by a prisoner from his pockets and transferred to a receptacle for safekeeping *is not information obtained as a result of a search.*" (Emphasis added.) *Robinson, supra,* p 119.

This language indicates that the information resulting from such a necessary and customary police procedure may not even be the product of a

---

[1] Subsequent to the writing of this opinion, this case was affirmed, 388 Mich 630 (1972).

search. The rationale may be that the link connecting defendant with the unsolved crime was discovered by a casual observation of an article in plain view rather than a close examination by the officer. It was this sighting of the initials "J T" unaccompanied by an "unjustified invasion of defendant's right to privacy" which led the police to connect the *Robinson* defendant with the robbery. In this manner, the evidence may be admitted as not being the product of a "search" invoking constitutional protections.

Whether or not the inventory process encompasses a "search", the derivative evidence at issue is admissible as not being the "fruit" of an illegal search. This conclusion is based upon *People v Roderick Walker,* 27 Mich App 609 (1970), containing similar facts. There defendant's clothing and shoes were seized during an allegedly illegal detention when police officers observed a substance appearing to be blood on defendant's shoes. The Court tested its admission by reference to the standard requiring the causal connection between the primary illegality and the challenged evidence to be "so attenuated as to dissipate the taint". *Nardone v United States,* 308 US 338, 341; 60 S Ct 266, 268; 84 L Ed 307, 312 (1939). *Cf. Wong Sun v United States,* 371 US 471; 83 S Ct 407; 9 L Ed 2d 441 (1963). Compliance with this standard was determined by an inquiry into whether the incriminating evidence was secured by a "sufficiently distinguishable means" and without "exploitation". Judge LEVIN, speaking for a unanimous Court, found these questions answered by determining whether (1) the evidence was a "reasonably foreseeable product of the search" and (2) the illegal practice would be deterred by the suppression of the evidence. Finding neither foreseeability

nor deterrence to exist upon the facts presented, the *Walker* Court affirmed the admission of the evidence.

It is our acceptance of this approach which makes unnecessary a consideration of the arrest issue. The inadvertent observation of the credit cards in defendant's possession by an officer investigating an unrelated charge cannot be deemed foreseeable. Similarly, this type of conduct will not be deterred by implementation of the exclusionary rule. We heed the caution of the *Nardone* and *Wong Sun* cases against the exclusion of all evidence which would not have been revealed but for illegal police activities. Our disposition is demonstrative of the statement of the *Walker* Court that "the tendency of adjudication is to administer the fruits rule with great caution lest the effort to control police behavior free too many guilty persons". p 616.

We are not unaware of *People v Character #2,* 32 Mich App 46 (1971), and *People v Trudeau,* 385 Mich 276 (1971), *cert den* — US —; 92 S Ct 1169; 31 L Ed 2d 240 (1972). These cases are distinguishable since both involve the *active* involvement of police officers in the search. Unlike these cases, the causal connection of defendant with the unsolved crime was apparent upon the observation of the credit cards, further investigation not being necessary. The *Trudeau* Court offered the following relevant caveat that:

"This holding is not to be construed as in any way affecting essential steps which must be taken by the police in processing a prisoner as outlined in *United States v Wade* (1967), 388 US 218 (87 S Ct 1926, 18 L Ed 2d 1149), and to assure the protection of the police and of other prisoners." p 281.

Finding the present case within this caveat and controlled by the *Walker* and *Robinson* cases, the admission of the proffered evidence is affirmed.

Defendant's final allegation of error is based upon appointed counsel's failure to call an alibi witness in his defense, failure to object to jury instructions on this defense, and the trial judge's allegedly prejudicial statement. The failure to call an alibi witness is a tactical decision and not grounds for a claim of ineffective assistance of counsel. *People v McGath,* 31 Mich App 351 (1971). Assuming the jury instructions were erroneous, appointed counsel's conduct did not satisfy the "sham trial" standard required for reversal. *People v Degraffenreid,* 19 Mich App 702 (1969).

Defendant cites no authority, argument or reason persuading us that the trial judge's statement to the jury that they were being excused "so you don't hear what goes on" was prejudicial. This explanation of events did not deny defendant a fair and impartial trial. Not finding any of the issues raised to be meritorious, defendant's conviction is affirmed.

Affirmed.

All concurred.