PEOPLE v ROBINSON

OPINION OF THE COURT

1. PRISONS—ARREST—JAIL—PERSONAL BELONGINGS.

Requiring removal and deposit of personal belongings with the jailer when a person is arrested and jailed is a customary procedure.

2. SEARCHES AND SEIZURES—PRISONER INVENTORY—POLICE OFFICER'S OBSERVATION.

Information obtained by a police officer through the exercise of his senses as he observes articles being removed by a prisoner from his pockets and transferred to a receptacle for safekeeping is not information obtained as a result of a search.

DISSENTING OPINION

T. M. KAVANAGH, C. J., and ADAMS and T. G. KAVANAGH, JJ.

3. SEARCHES AND SEIZURES—REASONABLENESS—CONSTITUTIONAL LAW—SEARCH WARRANT.

*The general rule is that any search is unreasonable under the Fourth Amendment guarantee against "unreasonable searches and seizures" unless conducted pursuant to a validly issued search warrant (US Const, Am IV).*

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 5 Am Jur 2d, Arrest § 73.

[2] 47 Am Jur, Searches and Seizures § 19.

[3] 47 Am Jur, Searches and Seizures § 6.

[4] 47 Am Jur, Searches and Seizures §§ 6, 18.

[4, 5] "Plain view," observation of objection, 29 L Ed 2d 1067.

[5] 47 Am Jur, Searches and Seizures § 19.

5 Am Jur 2d, Arrest §§ 24, 34–36.

Lawfulness of nonconsensual search and seizure without warrant, prior to arrest, 89 ALR2d 715.

[6] 29 Am Jur 2d, Evidence § 415.

Modern status of rule governing admissibility of evidence obtained by unlawful search and seizure, 50 ALR2d 531.

[7] 29 Am Jur 2d, Evidence §§ 425, 426.

4. SEARCHES AND SEIZURES—REASONABLENESS—SEARCH WARRANT—
ARREST—AUTOMOBILES—OBJECTS IN PLAIN VIEW.

*Exceptions to the general rule that any search is unreasonable
unless conducted pursuant to a validly issued search warrant
are: (1) principally, a search may be lawful when conducted in
conjunction with a lawful arrest contemporaneous to the arrest
and confined to the person and immediate surroundings of the
individual arrested, (2) an automobile may be searched without
a warrant when there is probable cause to believe that an
object or substance is hidden within and there is a possibility
that it may be destroyed before a warrant can be obtained, and
(3) an object in plain view may be properly seized.*

5. SEARCHES AND SEIZURES—ARREST—PRIVATE CITIZENS—POLICE OFFI-
CERS—STATUTES—MISDEMEANORS—OBJECTS IN PLAIN VIEW—EVI-
DENCE—MOTION TO SUPPRESS.

*The power to arrest in Michigan is governed by statute, a private
citizen cannot lawfully arrest another for the commission of a
misdemeanor and a police officer cannot arrest a person for the
commission of a misdemeanor outside his presence without a
warrant; therefore, where a private citizen marched defendant
into a police station and charged him with a misdemeanor and,
on the strength of the private citizen's complaint defendant
was arrested and searched and among his possessions was
found a cigarette lighter connecting him with a robbery, his
arrest was invalid because there was no warrant issued prior to
his arrest and accordingly the search of defendant cannot be
sustained as being made pursuant to a valid arrest and, as
there was no allegation that the lighter was in plain view but
was produced only as the result of a search, the lighter was
seized as the result of an unlawful search and should have been
held inadmissible in defendant's trial for armed robbery when
his attorney moved to suppress the evidence (MCLA 764.15,
764.16).*

6. CRIMINAL LAW—IDENTIFICATION—EVIDENCE—SEARCHES AND SEI-
ZURES.

*An initial taint of an identification procedure will affect subse-
quent proceedings linked to the tainted activity; therefore,
where evidence of the showup identification of defendant by the
victim of a robbery resulting directly from the discovery of a
cigarette lighter found among defendant's possessions, spring-
ing from an impermissible search, provided the only link
between defendant and the robbery of the owner of the lighter
and there was no separate, independent basis connecting the*

*two, such evidence was inadmissible as fruit of the poisonous tree.*

7. Criminal Law—Evidence—Motion to Suppress—Discretion.
    *While it is generally true in Michigan that a motion to suppress evidence must be made prior to trial, the trial judge does have the discretion to entertain such a motion at trial.*

Appeal from Court of Appeals, Division 1, Levin, P. J., and R. B. Burns and J. H. Gillis, JJ., affirming Recorder's Court of Detroit, George W. Crockett, Jr., J. Submitted September 5, 1972. (No. 2 September Term 1972, Docket No. 53,824.) Decided November 29, 1972. Rehearing denied January 30, 1973.

37 Mich App 115 affirmed.

Henry Robinson was convicted of unarmed robbery. Defendant appealed to the Court of Appeals. Affirmed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*State Appellate Defender Office* (by *Daniel S. Seikaly),* for defendant.

Black, J. *(for affirmance).* I agree with the reasoning of both opinions below (37 Mich App 115, 119) and therefore vote to affirm. In particular I adopt as level-headed common sense the first two paragraphs of the concurring opinion Presiding Judge Levin prepared. They read:

"When a person is arrested and jailed it is a customary procedure to require him to remove and deposit his personal belongings with the jailer.

"Information obtained by a police officer through the

exercise of his senses as he observes articles being removed by a prisoner from his pockets and transferred to a receptacle for safekeeping is not information obtained as a result of a search."

T. E. BRENNAN, SWAINSON and WILLIAMS, JJ., concurred with BLACK, J.

T. G. KAVANAGH, J. *(dissenting)*. Defendant brings this appeal from a decision in the Court of Appeals[1] affirming his conviction for unarmed robbery.

On February 14, 1971, defendant Henry Robinson was marched into a police station at the point of a rifle wielded by an irate citizen, one John E. W. Jones. Jones alleged that Robinson had tricked him out of 40 dollars. On the strength of Jones's complaint Robinson was arrested and searched. Among his possessions was found a cigarette lighter with the initials "J. T.". A police officer recalled that a similar cigarette lighter had been reported as taken from one Jessie Tate two weeks earlier during a robbery. Mr. Tate was called in, and at a showup, identified defendant as his robber.

Defendant was tried for robbery armed. At trial his attorney made motions to dismiss the charges, and to suppress the evidence. Both motions were denied. Defendant was subsequently found guilty of robbery unarmed and sentenced to not less than 7-1/2 years in prison.

Basically, three issues are present on appeal: 1) Whether the cigarette lighter was produced as a result of an unlawful search and was therefore inadmissible; 2) If the search was unlawful, was the showup identification inadmissible under the "fruit of the poisonous tree" doctrine; and 3)

[1] 37 Mich App 115 (1971).

Whether defendant's objections to the admission of this evidence were timely.

The Constitution of the United States[2] guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures * * * ". The general rule is that any search is unreasonable unless conducted pursuant to a validly issued search warrant. No search warrant was issued in this case.

Only three exceptions to this general rule have been carved out by the many decisions of the United States Supreme Court. First, a search may be lawful when conducted in conjunction with a lawful arrest.[3] Second, an automobile may be searched without a warrant when there is probable cause to believe that an object or substance is hidden within, and there is a possibility that it may be destroyed before a warrant can be obtained.[4] The third exception is that an object in plain view may be properly seized.[5]

No automobile search is involved here, so the second exception clearly does not apply.

A search made pursuant to a valid arrest is the principal exception to the rule requiring a search warrant. Initially this exception was only allowed upon a showing that the obtaining of a warrant would be impractical.[6] This was subsequently modified to allow any search if reasonable.[7] The excep-

---

[2] US Const, Am IV.

[3] *Trupiano v United States,* 334 US 699; 68 S Ct 1229; 92 L Ed 1663 (1948).

[4] *People v Carroll,* 267 US 132; 45 S Ct 280; 69 L Ed 543 (1925), *Preston v United States,* 376 US 364; 89 S Ct 881; 11 L Ed 2d 777 (1964).

[5] *People v Tisi,* 384 Mich 214 (1970).

[6] *Trupiano v United States, supra.*

[7] *United States v Rabinowitz,* 339 US 56; 70 S Ct 430; 94 L Ed 653 (1950).

tion has recently been narrowed to include only those searches contemporaneous to the arrest, and which are confined to the person and immediate surroundings of the individual arrested.[8]

It is clear that the search in this instance was contemporaneous to the arrest, and was confined to defendant's person. However, the search was unlawful because there was no valid arrest. The power to arrest in Michigan is governed by statute. Jones's private arrest of defendant was for, by his claim, larceny by conversion under 100 dollars, a misdemeanor.[9] A private citizen cannot lawfully arrest another for the commission of a misdemeanor.[10]

A police officer cannot arrest a person for the commission of a misdemeanor outside his presence without a warrant.[11] Because there was no warrant issued prior to the arrest of this defendant, his arrest was invalid. Accordingly the search of this defendant cannot be sustained as being made pursuant to a valid arrest and the first exception has no application.

Likewise we conclude that the third exception does not apply for there is no allegation that the lighter was in plain view. The statements of the prosecutor and the testimony of the police officers inescapably lead to the conclusion that the lighter was produced only as the result of a search. We conclude therefore that the lighter was seized as the result of an unlawful arrest, and therefore should have been held inadmissible.

The next question presented is whether evidence of the showup identification of defendant was inad-

[8] *Chimel v California,* 395 US 752; 89 S Ct 2034; 23 L Ed 2d 685 (1969).

[9] MCLA 750.362; MSA 28.594.

[10] MCLA 764.16; MSA 28.875.

[11] MCLA 764.15; MSA 28.874.

missible as fruit of the poisonous tree.[12] It has long been held that an initial taint of an identification procedure will affect subsequent proceedings linked to the tainted activity.[13] In this case, the lighter provided the only link between defendant and the robber of Jessie Tate. There was no separate, independent basis connecting the two.

The showup at which defendant was identified by Jessie Tate resulted directly from the discovery of the lighter. Springing as it does from an impermissible search, such evidence is inadmissible.[14]

Finally, while it is generally true in Michigan that a motion to suppress evidence must be made prior to trial, nevertheless the trial judge does have the discretion to entertain such a motion at trial.[15] Having done so here, the question is properly before us.

Reversed and remanded.

T. M. KAVANAGH, C. J., and ADAMS, J., concurred with T. G. KAVANAGH, J.

---

[12] *Nardone v United States,* 308 US 338; 60 S Ct 266; 84 L Ed 307 (1939).

[13] *Wong Sun v United States,* 371 US 471; 83 S Ct 407; 9 L Ed 2d 441 (1963).

[14] *Davis v Mississippi,* 394 US 721; 89 S Ct 1394; 22 L Ed 2d 676 (1969).

[15] *People v Ferguson,* 376 Mich 90 (1965).