PEOPLE v POWELL

Docket No. 77-596. Submitted May 4, 1978, at Marquette.—Decided November 27, 1978.

James Powell was convicted, on his plea of guilty, of breaking and entering. The Genesee Circuit Court, Ollie B. Bivins, Jr., J., deferred sentence and continued the defendant's bond. The defendant was called as a witness later the same day in the trial of an alleged accomplice before the same judge. Immediately following that trial, the judge accused Powell of having perjured himself, and revoked his bond. Powell was later sentenced to prison. He moved to set aside the guilty plea, vacate the sentence, and transfer the case to another judge. The motion was denied, and defendant appeals. *Held:*

1. Powell has properly preserved for appeal the issue of whether the trial court considered improper information when sentencing him, by having filed with the trial court a motion requesting that his sentence be vacated, along with supporting affidavits.

2. The trial judge improperly used the sentencing power reserved for punishing the conduct directly involved with the crime charged to punish the unrelated conduct in the trial of the alleged accomplice.

Reversed, and remanded for resentencing before a different circuit judge.

1. APPEAL AND ERROR—CRIMINAL LAW—SENTENCING—MOTIONS.

A defendant who alleges that a trial court considered improper information when sentencing him is required, prior to appeal, to make a timely motion to the trial court requesting that his sentence be vacated; the motion should be accompanied by appropriate supporting affidavits.

2. CRIMINAL LAW—SENTENCING—UNRELATED CONDUCT.

A trial court may not use the sentencing power, reserved solely

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 533, 569-572.
[2] 21 Am Jur 2d, Criminal Law §§ 535, 536.

for punishing the conduct directly involved with the crime charged, to punish unrelated conduct.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*James W. Lang,* for defendant on appeal.

Before: V. J. BRENNAN, P.J., and R. B. BURNS and M. J. KELLY, JJ.

V. J. BRENNAN, P.J. Defendant James Powell pled guilty on June 11, 1976, in Genesee County Circuit Court before Judge Ollie B. Bivins, Jr., to a charge of breaking and entering an unoccupied building, contrary to MCL 750.110; MSA 28.305. After the judge accepted defendant's plea, he deferred defendant's sentencing and continued his bond. During the plea proceeding, defendant testified that Clinton Carter had participated in the crime with him but that no one else had been involved.

Later that day, defendant was called as a witness in the trial of an alleged accomplice, James Wilder. At that trial, defendant testified that Wilder had not participated in the crime with him but that another party had been involved. The jury in the Wilder case was not able to reach a verdict and Judge Bivins declared a mistrial. Immediately following the trial, defendant was called to the bench where Judge Bivins accused defendant of perjuring himself, revoked defendant's bond and remanded him to county jail.

Judge Bivins sentenced defendant on August 5, 1976, to serve from 5 to 10 years in prison. Defendant then moved to set aside the guilty plea, vacate

his sentence, and transfer the case to another judge. He alleged in his motion that Judge Bivins had acted improperly in his actions incident to the Wilder trial, thereby punishing defendant for his testimony in that case. The defendant submitted an affidavit in support of his motion. Defendant submits to this Court two affidavits, one from defendant's trial attorney in this case and one from counsel for defendant in the Wilder case setting forth the factual basis surrounding the claim of the trial judge's improper conduct. Defendant appeals as of right under GCR 1963, 806.1.

Defendant contends the sentencing court committed error requiring resentencing before another judge when he improperly accused defendant of perjury regarding testimony given in a companion case and immediately afterward revoked defendant's bond, ordered him returned to county jail and subsequently sentenced him to 5 to 10 years in prison.

The basis of the defendant's argument is that the trial court considered improper information in its sentencing. Where such a claim is made defendant is required to make a timely motion to the trial court prior to appeal requesting the sentence be vacated. Included with his motion should be appropriate supporting affidavits. See *Guilty Plea Cases,* 395 Mich 96, 137; 235 NW2d 132 (1975). The defendant in the present case complied with these requirements and thus preserved the matter for appeal.

The problem present is that the court appeared to use the sentencing power reserved solely for punishing the conduct directly involved with the crime charged to punish unrelated conduct. The danger we perceive in allowing such a situation to remain uncorrected is that where defendants are

called to testify in companion cases they may perjure themselves in order to placate the trial court. In order to insure complete and uncompromised testimony by defendants in such circumstances, we cannot allow the kind of conduct and sentencing consequences involved here. See *People v Westerfield,* 71 Mich App 618, 625–626; 248 NW2d 641 (1976).

Reversed and remanded for resentencing before another Genesee County Circuit Court judge.