PEOPLE v MACK

Docket No. 48926. Submitted June 2, 1981, at Lansing.—Decided
    October 2, 1981.

  Henry L. Mack was convicted of assault with intent to commit
  great bodily harm less than murder following a jury trial in
  Washtenaw Circuit Court, Ross W. Campbell, J. Defendant
  appeals. *Held:*

    1. The jury instructions given by the trial court were not
  clearly erroneous. Further, the question of the propriety of
  those instructions was not properly preserved for appellate
  review.

    2. The record does not establish that the trial court erred in
  sentencing defendant. Further, the defendant failed to preserve
  any questions relative to sentencing by a proper objection or
  motion in the trial court.

    3. The trial court did not abuse its discretion by denying
  defendant's motion for new trial.

    Affirmed.

1. ARREST — CITIZEN'S ARREST.

   A private citizen may validly arrest one reasonably suspected of

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Arrest §§ 34-36.
[2] 5 Am Jur 2d, Appeal and Error §§ 623, 891.
[3] 5 Am Jur 2d, Arrest § 116.
[4] 6 Am Jur 2d, Assault and Battery § 20.
[5] 5 Am Jur 2d, Appeal and Error § 938.
[6] 21 Am Jur 2d, Criminal Law §§ 527, 535 *et seq.*
[7] 5 Am Jur 2d, Appeal and Error § 545.
   21 Am Jur 2d, Criminal Law § 580.
[8] 5 Am Jur 2d, Appeal and Error § 646.
   58 Am Jur 2d, New Trial §§ 212, 213.
[9] 58 Am Jur 2d, New Trial §§ 164-172.
   What constitutes "newly discovered evidence" within meaning of
     Rule 33 of Federal Rules of Criminal Procedure relating to
     motions for new trial. 44 ALR Fed 13.
   Facts or evidence forgotten at trial as newly discovered evidence
     which will warrant grant of new trial in criminal case. 92 ALR2d
     992.

having committed a felony if, in fact, a felony had been committed.

2. APPEAL — JURY INSTRUCTIONS.

A claim that the jury was erroneously charged is not preserved for appellate review in the absence of an objection to the jury charge as given or a request for an instruction made at trial.

3. ARREST — ILLEGAL ARREST — TRIAL.

An illegal arrest does not make all subsequent proceedings void.

4. EVIDENCE — ASSAULT WITH INTENT — SPECIFIC INTENT.

Conviction of assault with intent to do great bodily harm less than murder requires proof of specific intent; that specific intent may be found in conduct as well as words (MCL 750.84; MSA 28.279).

5. CRIMINAL LAW — SENTENCING — APPEAL.

An appellate court will not substitute its judgment for that of the trial court when reviewing the sentence imposed by the trial court.

6. CRIMINAL LAW — SENTENCING.

The sentence imposed on a criminal defendant should be tailored to the particular circumstances of the case and the defendant.

7. CRIMINAL LAW — SENTENCING — APPEAL.

Issues relating to the sentence imposed will not be considered on appeal in the absence of an objection made at the time of sentencing or a timely motion before the trial court seeking vacation of the sentence.

8. NEW TRIAL — JUDGE'S DISCRETION.

The granting of a motion for a new trial is within the sound discretion of the trial court; to establish error, a clear abuse of discretion must be shown.

9. NEW TRIAL — NEW EVIDENCE.

The test for granting a new trial based on new evidence involves a finding that (1) the evidence itself, not merely its materiality, was newly discovered; (2) the evidence is not cumulative; (3) the evidence is such as to render a different result probable on retrial; and (4) the party offering the evidence could not with reasonable diligence have discovered and produced it at trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,*

Prosecuting Attorney, and *James S. Sexsmith,* Assistant Prosecuting Attorney, for the people.

*Kurt R. Thornbladh,* for defendant.

Before: BEASLEY, P.J., and M. J. KELLY and N. A. BAGULEY,* JJ.

PER CURIAM. Defendant was convicted after a jury trial on October 16, 1979, of assault with intent to commit great bodily harm less than murder, MCL 750.84; MSA 28.279. The Washtenaw County Circuit Court, Ross W. Campbell, J., denied his motion for a new trial. He now appeals by right.

On July 17, 1979, Jeffery Mulder was sitting in the kitchen of his girlfriend Cheryl Wallaker's house at 108 Ballard Street in the City of Ypsilanti, Washtenaw County, Michigan. While preparing dinner, Mulder and his girlfriend heard the front door slam. Investigating the noise, Mulder and Wallaker discovered that defendant had entered their house.

Wallaker recognized defendant from a previous incident in which the police warned her that defendant might have committed a felony. Thinking defendant had been involved in a felony, she told Mulder to watch defendant's actions while she called the police. Mulder, 6′ 4″ and 190 pounds, who knew of defendant's involvement in the previous felony investigation, followed defendant into the street. Defendant, closely followed by Mulder, approached a boarding house, and defendant spoke to someone at the door. Stalling for time, Mulder attempted to converse with defendant. Defendant, apparently trying to avoid Mulder, pushed him

---

* Circuit judge, sitting on the Court of Appeals by assignment.

away and proceeded down the street. At this point Mulder grabbed defendant by the back of his collar and yanked him to the ground. Defendant scrambled to his feet, pulling a big meat cleaver. He then threatened Mulder, saying "I am going to cut you into little pieces."

Defendant swung the meat cleaver at Mulder, whereupon Mulder retreated behind a tree, where he found a large stick with which to defend himself. Defendant then sprayed Mulder in the face with a Mace-like substance. At that point, the police arrived. Defendant fled the scene and was apprehended after an exhausting chase.

At trial, defendant testified that he was searching for the location of a rooming house in Ypsilanti to buy some marijuana, and that he had mistakenly entered Wallaker's home. Defense counsel argued that defendant had acted in self-defense.

After the final arguments of counsel, the court instructed the jury as to the applicable law. Counsel for the defense did not object to the court's jury instructions. The jury returned a verdict of guilty as charged.

Defendant then brought *pro se* a motion for new trial, which was heard by the trial court. At this hearing, defendant claimed that the prosecution had failed to produce a res gestae witness. The alleged witness was the person defendant spoke to in the boarding house just before the incident occurred. The trial court, citing GCR 1963, 527.1, denied defendant's motion.

Defendant was sentenced to a six-year, eight-month to ten-year term in the custody of the Michigan Department of Corrections and was given credit for the time he served prior to sentencing.

Defendant's first claim on appeal is that the trial court erred in allowing the issue of a valid citizen's arrest to go to the jury.

At common law, a private citizen was justified in arresting a person whom he reasonably suspected had committed a felony, if in fact a felony had been committed. *People v McLean,* 68 Mich 480, 485; 36 NW 231 (1888), *People v Panknin,* 4 Mich App 19, 27; 143 NW2d 806 (1966). The question is now covered by statute, which allows a private person to arrest another who has actually committed a felony, even though not in the arrestor's presence. MCL 764.16; MSA 28.875. The statute provides:

"A private person may make an arrest—
"(a) For a felony committed in his presence;
"(b) When the person to be arrested has committed a felony although not in his presence;
"(c) When summoned by any peace officer to assist said officer in making an arrest."

The person making the arrest has the duty of informing the person to be arrested of the intention to arrest and the cause of the arrest, with exceptions made for circumstances when it would be impossible to do so. MCL 764.20; MSA 28.879. It is clear from the testimony below that Mulder never formally communicated to defendant that defendant was under arrest.

However, it is equally clear that the issue of a citizen's arrest did not go to the jury. The trial court's jury instructions, which were given without objection by defense counsel, did not include the question of a valid citizen's arrest.

As there was no objection or request for instruction, defendant's claim that the court erroneously charged the jury was not properly preserved for

review. GCR 1963, 516.2, *People v Jackson,* 98 Mich App 735, 739; 296 NW2d 348 (1980).

Furthermore, even if Mulder had made an invalid citizen's arrest, that fact alone would not make all subsequent proceedings void. See *People v Henry Robinson,* 37 Mich App 115, 118; 194 NW2d 537 (1971), *aff'd* 388 Mich 630 (1972), *People v Nawrocki,* 6 Mich App 46, 53-54; 148 NW2d 211 (1967). Defendant's arrest was followed by a valid complaint and warrant, and he was afforded a preliminary examination. Finally, nowhere in the record does a motion to dismiss the case because of an illegal arrest appear. In light of the foregoing, the action of the trial court does not appear inconsistent with substantial justice as required for reversal under GCR 1963, 529.

Defendant next avers that the trial court erred in denying his motion for a directed verdict.

At the time of the trial, the rule regarding motions for directed verdicts was fully stated by the Supreme Court in *People v Garcia,* 398 Mich 250, 256; 247 NW2d 547 (1976).[1] The Court stated the rule as follows:

"An appellate court tests the correctness of the denial

---

[1] In *People v Hampton,* 407 Mich 354, 368; 284 NW2d 284 (1979), the Supreme Court announced a rule regarding motions for directed verdicts. The Court stated:

"In summary, the trial judge when ruling on a motion for a directed verdict of acquittal must consider the evidence presented by the prosecution up to the time the motion is made, *Garcia, supra,* view that evidence in a light most favorable to the prosecution, *People v Vail,* 393 Mich 460, 463; 227 NW2d 535 (1975), and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt, *Jackson, supra,* p 319."

Because the trial occurred before the Supreme Court's ruling in *Hampton,* we apply the test announced in *Garcia, supra.* Furthermore, even under the *Hampton* test, the trial court did not err when it denied defendant's motion for a directed verdict.

of such motion by taking the evidence *presented by the prosecution* in the light most favorable to the prosecution and deciding if there was any evidence upon which the trier of fact could predicate a finding of guilty * * * ."

Defendant claimed that he was entitled to a directed verdict because, although the prosecution perhaps had presented sufficient evidence to support a charge of felonious assault, the intent to do great bodily harm had not been established by the prosecution.

The crime of assault with intent to do great bodily harm less than murder. MCL 750.84; MSA 28.279, requires proof of specific intent. *People v Joeseype Johnson,* 407 Mich 196, 220; 284 NW2d 718 (1979). The specific intent necessary to constitute the offense may be found in conduct as well as words. *People v Jackson,* 25 Mich App 596, 598; 181 NW2d 794 (1970). Thus, based upon the facts established by the prosecution showing that defendant had brandished a meat cleaver, had threatened to chop Mulder into little pieces and had chased Mulder when he retreated, the trial court, viewing this evidence in a light most favorable to the prosecution, correctly denied defendant's motion for a directed verdict.

Defendant also argues that a trial judge may not make recommendations to the Department of Corrections, other than a recommendation of leniency, without imposing upon the function of that executive department.

It is well established that an appellate court will not substitute its judgment for that of the trial court when reviewing sentencing. *People v Burton,* 396 Mich 238, 243; 240 NW2d 239 (1976). Under GCR 1963, 785.8 the sentencing court shall:

"(1) require the presence of defendant's lawyer unless affirmatively waived by defendant;

"(2) give defendant and his lawyer a reasonable opportunity to advise the court of any circumstances they believe the court should consider in imposing sentence;

"(3) state the minimum and maximum sentence imposed by the court, together with any credit for time served to which the defendant may be entitled."

Further, the sentencing court is required to advise the defendant on his right to appeal and to obtain counsel. GCR 1963, 785.11.

Defendant's argument that a trial judge may not make harsh recommendations when announcing sentence, while ingenious, has no support in Michigan law. Defendant does not contend that the trial court abused its discretion by considering any unfounded allegations. See *People v Perez,* 94 Mich App 759, 760; 289 NW2d 857 (1980).

The Legislature has adopted, and the judiciary has enforced, a policy requiring individualized sentencing. *People v Chapa,* 407 Mich 309, 311; 284 NW2d 340 (1979). As the Supreme Court stated in *People v McFarlin,* 389 Mich 557, 574; 208 NW2d 504 (1973):

"The modern view of sentencing is that the sentence should be tailored to the particular circumstances of the case and the offender in an effort to balance both society's need for protection and its interest in maximizing the offender's rehabilitative potential."

This principle was recently reaffirmed by the Court in *People v Triplett,* 407 Mich 510, 513; 287 NW2d 165 (1980).

Having reviewed the record thoroughly, we cannot say that the trial judge acted outside of the individualized sentencing principle outlined above.

First, the events surrounding the instant case support the judge's statement that defendant is an assaultive offender. Second, defendant has twice been convicted of sexually aggressive crimes, both in Michigan and in Alabama. Also, throughout the time period encompassing both the instant crime and the criminal sexual conduct crime in 1979, defendant was an escapee from the Alabama prison system. All of the trial judge's statements had adequate factual support.

Defendant did not object at the time of sentencing, nor did he make a timely motion to the trial court prior to appeal requesting the sentence be vacated. See *People v Powell,* 87 Mich App 192, 194; 274 NW2d 16 (1978). Based on the foregoing, reversal is not required.

Defendant's final claim on appeal is that the trial court erred in denying his motion for a new trial. Defendant brought the motion for new trial *pro se.* The grounds for the motion were not stated at that time, nor are they stated on review. The trial court decided the motion on the grounds stated in GCR 1963, 527.1:

"A new trial may be granted * * * whenever * * * substantive rights are materially affected, for any of the following causes:

* * *

"(6) Material evidence, newly discovered, which could not with reasonable diligence have been discovered and produced at the trial."

Defendant claims that the prosecution failed to produce a res gestae witness. The prosecution has a duty to endorse and produce all res gestae witnesses. MCL 767.40; MSA 28.980. However, there is no precise definition of the term "res gestae witness". Various tests have been set forth

to establish the parameters of the prosecution's duty:

"A res gestae witness is one who was an eyewitness to some event in the continuum of a criminal transaction and whose testimony will aid in developing a full disclosure of the facts surrounding the alleged commission of the charged offense." *People v Hadley,* 67 Mich App 688, 690; 242 NW2d 32 (1978).

Mulder testified at trial that there was no one around at the time of the assault. The assault took place in the street. Defendant made no motion for production of the alleged missing witness at trial. Furthermore, at the motion for new trial, defendant's trial counsel stated that the nature of the witness issue was purely speculative. The prosecution stated that the police report was complete and contained no mention of such a witness.

The granting of a motion for new trial is within the sound discretion of the trial court, and to establish error a clear abuse of discretion must be shown. *People v Duncan,* 96 Mich App 614, 617; 293 NW2d 648 (1980).

In *Duncan,* this Court set forth a four-part test for granting a new trial based on new evidence. The test involves a finding that:

"(1) the evidence itself, not merely its materiality, was newly discovered; (2) the evidence is not cumulative; (3) it is such as to render a different result probable on a retrial of the case; and (4) the party could not with reasonable diligence have discovered and produced it at trial". *Id.,* 616.

In denying a new trial, the judge stated his reasons, as required by *People v Robinson,* 390 Mich 629, 634; 213 NW2d 106 (1973). Defendant's

motion for new trial was not based on an affidavit, and defendant presented no witnesses at the hearing. See *People v Pulley,* 66 Mich App 321, 331; 239 NW2d 366 (1976).

In such a factual setting, the trial court's denial of defendant's motion for new trial was not an abuse of discretion.

Affirmed.