# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
November 13, 2018

Plaintiff-Appellee,

v

No. 339499
Wayne Circuit Court
LC No. 16-005715-01-FH

AISHA A. SIMS,

Defendant-Appellant.

Before: MURRAY, C.J., and METER and GLEICHER, JJ.

PER CURIAM.

Defendant appeals as of right her jury trial conviction of assault with intent to commit great bodily harm less than murder, MCL 750.84. Defendant was sentenced to five years' probation with the first year served in jail. We affirm.

Defendant's sole argument is that there was insufficient evidence to convict her of assault with intent to commit great bodily harm less than murder because (1) there was no evidence that she had the intent necessary to commit great bodily harm and (2) no evidence was presented to prove that defendant intentionally or knowingly aided and abetted her daughters, Deryanna Sturkey and Ashlee Sims, in the assault of the victim, Antquenette Thompson.

This Court reviews a sufficiency of the evidence argument de novo, considering "the trial evidence in a light most favorable to the prosecution [to] determine whether a rational trier of fact could have found that all the elements of the offense were proved beyond a reasonable doubt." *People v Schumacher*, 276 Mich App 165, 167; 740 NW2d 534 (2007). Furthermore, this Court "must defer to the fact-finder by drawing all reasonable inferences and resolving credibility conflicts in support of the jury verdict." *Id*.

"The elements of assault with intent to do great bodily harm less than murder are: (1) an attempt or threat with force or violence to do corporal harm to another (an assault), and (2) an intent to do great bodily harm less than murder." *People v Blevins*, 314 Mich App 339, 357; 886 NW2d 456 (2016) (quotation marks and citation omitted); MCL 750.84(1)(a). It is a specific intent crime, *People v Parcha*, 227 Mich App 236, 239; 575 NW2d 316 (1997), and the requisite intent is the "intent to do serious injury of an aggravated nature," *Blevins*, 314 Mich App at 357 (quotation marks and citation omitted). This intent "may be found in conduct as well as words." *People v Mack*, 112 Mich App 605, 611; 317 NW2d 190 (1981).

-1-

The prosecution argued at trial that defendant was guilty under a theory of aiding and abetting, and therefore the prosecution was required to prove the following three elements:

> (1) the crime charged was committed by the defendant or some other person; (2) the defendant performed acts or gave encouragement that assisted the commission of the crime; and (3) the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time that [the defendant] gave aid and encouragement. [*People v Robinson*, 475 Mich 1, 6; 715 NW2d 44 (2006) (quotation marks and citation omitted).]

The first element of aiding and abetting requires the charged crime to be committed by defendant or another person. *Id*. at 6. Defendant was charged with assault with intent to commit great bodily harm less than murder, which requires (1) an assault, and (2) "an intent to do serious injury of an aggravated nature." *Blevins*, 314 Mich App at 357. There was an assault when defendant and her daughters punched Thompson while holding her down by her hair. Additionally, Ashlee pepper sprayed Thompson in the face, and later kicked Thompson out of the moving vehicle while defendant was driving. The requisite intent can be inferred by the conduct of defendant, Sturkey, and Ashlee. See *Bailey*, 451 Mich at 685. The three attackers were larger in size than Thompson, and worked together to hold her down while repeatedly punching her. Those acts, coupled with Ashlee pepper spraying Thompson in the face and kicking her from the moving vehicle, demonstrates the requisite "intent to do serious injury of an aggravated nature." *Blevins*, 314 Mich App at 357 (quotation marks and citation omitted).

The evidence also supported a conclusion that defendant performed acts or gave encouragement that assisted in the commission of the crime. *Robinson*, 475 Mich at 6. Specifically, the evidence suggests that defendant drove Sturkey and Ashlee to the beauty store parking lot, where the assault took place. Evidence also established that defendant participated in the beating, then drove out of the parking lot when Ashlee instructed her to do so, and kept driving after Ashlee kicked Thompson out of the moving vehicle. This evidence, as defendant seems to concede on appeal, establishes acts by defendant that assisted in the commission of the assault of Thompson.

The third element requires that defendant either intended the crime be committed, or knew that the principal intended the crime's commission when defendant gave the principal aid or encouragement. *Robinson*, 475 Mich at 6. In order to determine a defendant's state of mind, the following factors, among others, may be considered: "a close association between the defendant and the principal, the defendant's participation in the planning or execution of the crime, and evidence of flight after the crime." *People v Carines*, 460 Mich 750, 757-758; 597 NW2d 130 (1999) (quotation marks and citation omitted). Flight can be used to "support an inference of 'consciousness of guilt,' " and flight includes "fleeing the scene of the crime." *People v Unger*, 278 Mich App 210, 226; 749 NW2d 272 (2008) (quotation marks and citations omitted). As noted, the evidence showed that defendant is the mother of Sturkey and Ashlee, that she drove the vehicle to the beauty supply store parking lot so the assault could be committed, and that she drove away after Ashlee kicked Thompson out of the vehicle. Additionally, defendant directly participated in the beating of Thompson. In sum, the evidence allowed the jury to conclude that defendant intended the assault of Thompson with intent to commit great bodily harm less than murder. Therefore, defendant was properly convicted, under

an aider and abettor theory, of the assault of Thompson with intent to commit great bodily harm less than murder.

Affirmed.

/s/ Christopher M. Murray
/s/ Patrick M. Meter
/s/ Elizabeth L. Gleicher