PEOPLE v PARCHA

Docket No. 193181. Submitted June 10, 1997, at Detroit. Decided December 30, 1997, at 9:05 A.M. Leave to appeal sought.

Joseph E. Parcha was convicted by a jury in the Recorder's Court of Detroit, Wendy M. Baxter, J., of assault with intent to do great bodily harm less than murder and possession of a firearm during the commission of a felony. The convictions arose out of the defendant's nonfatal shooting of his roommate. The theory of the prosecution was that the shooting was intentional, while the theory of the defense was that the shooting was accidental. Defense counsel moved in limine to preclude impeachment of the defendant with evidence of two prior misdemeanor convictions, one for second-degree retail fraud and one for simple larceny, arguing that such impeachment was inadmissible under MRE 609(a)(2) because neither crime was punishable by imprisonment for more than one year and the probative value of the evidence was outweighed by the prejudicial effect. The court found that the prior convictions were for offenses that contained elements of dishonesty or false statement and permitted the impeachment of the defendant with the evidence of the prior convictions under MRE 609(a)(1). The defendant appealed.

The Court of Appeals *held*:

1. The proofs at trial were sufficient to support the defendant's conviction of assault with intent to commit great bodily harm less than murder. The jury could infer from the defendant's conduct in firing two shots at the victim from close range, one bullet striking the victim in the back and the other bullet barely missing the victim's head, that the defendant had assaulted the victim with the requisite intent to harm.

2. The court did not abuse its discretion in holding that a police witness possessed sufficient knowledge, training, and experience in the drop-testing and the test-firing of the type of firearm used by the defendant to be qualified as an expert in firearms identification and examination.

3. The separate treatment of crimes containing the element of dishonesty or false statement in MRE 609(a)(1) from crimes containing the element of theft in MRE 609(a)(2) evidences an intent

that the general dishonesty that might be associated with crimes containing the element of theft is not the type of dishonesty that will bring a crime within the scope of MRE 609(a)(1), because such an interpretation would render nugatory MRE 609(a)(2). Only if a theft offense has as one of its elements a dishonest act that incorporates active deceit or falsification will the theft offense be deemed to have the type of dishonesty that brings it within the scope of MRE 609(a)(1).

4. The defendant's simple larceny conviction cannot contain the dishonesty element necessary to bring it within the scope of MRE 609(a)(1), because if simple larceny had that element, all theft offenses would have to have the element, rendering MRE 609(a)(2) nugatory. Accordingly, the trial court, while properly recognizing that evidence of the defendant's prior convictions could not be admitted under MRE 609(a)(2) because the offenses were misdemeanors, erred in admitting evidence of the defendant's simple larceny conviction under MRE 609(a)(1) on the basis that it was an offense that involved dishonesty or false statement.

5. The question whether the trial court erred in admitting evidence of the defendant's prior misdemeanor conviction of second-degree retail fraud is more difficult to resolve, because some of the manners in which that offense can be committed do involve dishonesty or false statement within the meaning of MRE 609(a)(1); however, the record is silent concerning the facts that resulted in the retail fraud conviction. It is, however, unnecessary to remand this matter to the trial court for a hearing to determine whether the particular facts underlying the retail fraud conviction would bring that conviction within the scope of MRE 609(a)(1), because the error in admitting evidence of the defendant's prior misdemeanor conviction of simple larceny and any error that might have arisen in admitting evidence of the defendant's prior misdemeanor conviction of second-degree retail fraud were harmless and were not outcome-determinative.

6. The question whether the trial court erred in finding that a portion of the defendant's trial testimony was hearsay and in instructing the jury to disregard that testimony was not preserved for appellate review by an appropriate objection at trial, and the failure to review the question will not result in a miscarriage of justice.

Affirmed.

HOLBROOK, JR., J., dissenting, stated that the defendant's convictions should be reversed and the matter should be remanded for a new trial, because the trial court's erroneous admission for impeachment purposes of evidence of the defendant's prior misde-

meanor convictions cannot be said to be harmless error in this trial, which was primarily a credibility contest.

CRIMINAL LAW — EVIDENCE — PRIOR CONVICTIONS — LARCENIES — MISDEMEAN-
ORS — IMPEACHMENT.

A misdemeanor conviction of simple larceny is not a conviction of an offense containing an element of dishonesty or false statement within the meaning of the rule of evidence relating to impeachment of a witness with evidence of a prior conviction of the witness (MRE 609[a][1]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Mark W. Bernardi,* Assistant Prosecuting Attorney, for the people.

*Anthony R. Smereka,* for the defendant on appeal.

Before: MARKMAN, P.J., and HOLBROOK, JR., and O'CONNELL, JJ.

O'CONNELL, J. Defendant was convicted by jury of assault with intent to do great bodily harm less than murder, MCL 750.84; MSA 28.279, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). The convictions arose out of defendant's nonfatal shooting of his roommate. At trial, the prosecution's theory was that the shooting was intentional, while the defense theory was that the shooting was accidental. Defendant was sentenced to a mandatory two-year term for the felony-firearm conviction and to a five- to ten-year term for the assault conviction. He now appeals as of right. We affirm.

Defendant's first argument on appeal is that the prosecution presented insufficient evidence to support his assault conviction. We disagree. In determining whether sufficient evidence has been presented, this Court views the evidence in a light most

favorable to the prosecution and determines whether a rational trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt. *People v Hampton*, 407 Mich 354, 366; 285 NW2d 284 (1979). Assault with intent to commit great bodily harm less than murder requires proof of (1) an attempt or threat with force or violence to do corporal harm to another (an assault), and (2) an intent to do great bodily harm less than murder. *People v Harrington*, 194 Mich App 424, 428; 487 NW2d 479 (1992). Assault with intent to commit great bodily harm is a specific intent crime. *People v Mack*, 112 Mich App 605, 611; 317 NW2d 190 (1981).

Viewing the evidence in a light most favorable to the prosecution, we believe that a rational trier of fact could have found that the prosecution proved the essential elements of the crime beyond a reasonable doubt. Defendant attempted to do corporal harm to his roommate when he shot at him twice, at close range, with a fully loaded nine-millimeter pistol. The first shot hit the victim in the back in an area close to his spine. The second shot barely missed the victim's head. An intent to harm the victim can be inferred from defendant's conduct. *Id.*

Defendant next contends that the trial court erred in qualifying Officer Paul Hartzell as an expert in firearms identification and examination. We review the trial court's decision for an abuse of discretion, *People v Peebles*, 216 Mich App 661, 667; 550 NW2d 589 (1996), and disagree. The admissibility of expert testimony is governed by a three-part test: (1) the expert must be qualified, (2) the evidence must serve to give the trier of fact a better understanding of the evidence or assist the trier of fact in determining a fact

in issue, and (3) the evidence must be from a recognized discipline. *Peebles, supra* at 667-668 (citing *People v Williams [After Remand]*, 198 Mich App 537, 542; 499 NW2d 404 [1993]); MRE 702.

In the present case, Officer Hartzell testified that he had been trained in test-firing and drop-testing nine-millimeter handguns, and that he had test-fired this type of weapon approximately forty to fifty times and drop-tested this type of weapon three or four times. At the time of the trial, Hartzell had completed forty to forty-eight hours of firearms training, test-fired approximately 150 to 200 weapons (three to five guns a day for approximately three months), examined two to three thousand weapons, and performed numerous examinations on a comparison microscope. On the basis of this evidence, we conclude that the trial court did not abuse its discretion in finding that Hartzell possessed sufficient knowledge, training, and experience in drop-testing and test-firing of nine-millimeter weapons to qualify him as an expert in this area.

Defendant next argues that the trial court abused its discretion in admitting evidence of defendant's two prior misdemeanor theft convictions at trial. Immediately before defendant was to take the stand, defendant's attorney moved in limine to preclude impeachment of his client with evidence of two misdemeanor theft convictions: a September 1989 second-degree retail fraud conviction for which defendant received a thirty-day jail sentence and a May 1990 larceny conviction for which he received a ninety-day sentence. Defense counsel argued that evidence of the convictions was inadmissible because the convictions were not punishable by more than one year imprisonment

and because the prejudicial effect outweighed the probative value of the evidence. The trial court ruled that evidence of the convictions was admissible under MRE 609(a)(1) because the offenses of larceny and retail fraud contain elements of "dishonesty or false statement" and because this was a "one-on-one" credibility contest. While we conclude that the trial court erred in admitting evidence of the prior larceny conviction, if not the retail fraud conviction, we find that any error was harmless.

MRE 609 provides, in pertinent part:

> (a) General Rule. For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall not be admitted unless the evidence has been elicited from the witness or established by public record during cross examination, and
>
> (1) the crime contained an element of dishonesty or false statement, or
>
> (2) the crime contained an element of theft, and
>
> (A) the crime was punishable by imprisonment in excess of one year or death under the law under which the witness was convicted, and
>
> (B) the court determines that the evidence has significant probative value on the issue of credibility and, if the witness is the defendant in a criminal trial, the court further determines that the probative value of the evidence outweighs its prejudicial effect.

As interpreted, Rule 609 requires that the prior conviction first be examined to determine whether the conviction contained an element of dishonesty or false statement. *People v Allen*, 429 Mich 558, 605; 420 NW2d 499 (1988). If so, the evidence is automatically admissible. *Id.* at 593-594. If not, the court must determine whether the conviction contained an element of theft. *Id.* at 605. If so, the court must then

examine the conviction to see if the crime was punishable by more than one year in prison, and, if the witness is a criminal defendant, whether the probative value of the evidence outweighs its prejudicial effect. *Id.* at 605-606.

The view has been expressed that all crimes involving theft necessarily involve dishonesty. For example, Judge—later Justice—Burger, in *Gordon v United States*, 127 US App DC 343, 347; 383 F2d 936 (1967) (emphasis supplied), stated that "[i]n common human experience acts of deceit, fraud, cheating, or *stealing*, for example, are universally regarded as conduct which reflects adversely on a man's honesty and integrity." Under this approach, which is not without its intuitive appeal,[1] evidence of a conviction of a theft offense would automatically be admissible for impeachment purposes pursuant to MRE 609(a)(1). Indeed, before our Supreme Court's decision in *People v Allen, supra*, which amended MRE 609 to its present form, theft offenses were considered in the same breath as crimes involving "dishonesty or false statement" for impeachment purposes. See former MRE 609(a)(1). Thus, lay persons and even the trial court may be forgiven if they were under the impression that thievery is dishonest; it is dishonesty by conduct or deed, but not by word. In this respect, we note that defendant's brief on appeal admits that his

---

[1] Judge Markman finds Judge Burger's proposition to contain more than intuitive appeal but agrees that it no longer invariably reflects the law in Michigan. Judge O'Connell agrees with Judge Markman, and if he were writing on a clean slate, would conclude that all theft offenses involve an element of dishonesty.

convictions "do contain elements of dishonesty."[2] As it turns out, however, thievery is not "dishonesty" within the meaning of MRE 609(a)(1).

In *Allen, supra* at 595-596, our Supreme Court explicitly distanced itself from the reasoning expressed by Justice Burger. Though recognizing that "theft offenses have traditionally been viewed as strongly probative of veracity," *id.* at 595, the *Allen* Court concluded that theft offenses, as a rule, are not so reflective of one's truthfulness as to warrant automatic admission into evidence of evidence of a prior conviction of such an offense. In contrast, the Court reasoned that crimes having elements of dishonesty or false statement *were* sufficiently probative of one's veracity to justify admission into evidence of evidence of a prior conviction of one of those crimes. Such crimes, in the nature of *crimen falsi*, could be identified by the fact that they did not merely imply dishonesty on the part of the perpetrator, but incorporated a dishonest act, such as active deceit or falsification, as an element of the offense itself. Being convicted of such an offense did not imply dishonesty, but reflected it.

Thus, the *Allen* decision drew a distinction between theft offenses and offenses involving dishonesty or false statement, a distinction maintained in the current version of MRE 609. By delineating two discrete approaches to determining whether evidence of a prior conviction is admissible into evidence—one for crimes containing an element of dishonesty or false statement, one for crimes containing an element of

---

[2] In his brief, defendant argues that evidence was overly prejudicial. If the convictions were admitted under MRE 609(a)(1), however, then the prejudicial effect is irrelevant.

theft—the Court emphasized that theft offenses do not necessarily contain an element of dishonesty or false statement. To now construe MRE 609 in any other fashion would render nugatory MRE 609(a)(2), for if all theft offenses contain an element of dishonesty because they involve theft, MRE 609(a)(2) would be mere surplusage, serving no purpose.[3] Therefore, pursuant to *Allen*, we must first consider whether the particular theft offense of which a defendant was convicted is in the nature of *crimen falsi*.

In the present case, defendant's credibility was impeached[4] with evidence of prior convictions of misdemeanor larceny, MCL 750.356; MSA 28.588, and misdemeanor retail fraud. MCL 750.356d; MSA 28.588(4).[5] Because neither of these crimes is punishable by imprisonment in excess of one year, neither is admissible pursuant to MRE 609(a)(2). The trial

---

[3] However, a particular theft offense *may* contain an element of dishonesty or false statement. The *Allen* decision gives a specific example of such a theft offense, stating that "[w]here a theft crime includes an element of dishonesty or false statement, e.g., larceny by false pretenses, it will be treated as an automatically admissible prior offense." *Allen, supra* at 596, n 17.

[4] Defendant, in his brief on appeal, also refers to a prior felony conviction of attempted breaking and entering. Though it appears that defendant was charged with such an offense at some point in the past, the record is unclear with respect to whether he was ultimately convicted of this offense. More significantly, however, the prosecution did not attempt below to impeach defendant's credibility with evidence of this offense. No reference was made to this offense while the jury was present. Accordingly, we do not address this issue further.

[5] The record on appeal does not contain express references to the particular statutes defendant was convicted of violating. From the references that do exist, we infer that defendant was convicted of the specific crimes set forth in the text of this opinion.

court, recognizing this, admitted evidence of these convictions pursuant to MRE 609(a)(1).[6]

Taking into account the Court's decision in *Allen, supra,* we are constrained to conclude that evidence of defendant's conviction of larceny was not properly admissible pursuant to MRE 609(a)(1). Larceny is the most basic of theft offenses, requiring merely the intentional taking and asportation of the property of another without the owner's permission. MCL 750.356; MSA 28.588; see also *People v Ainsworth,* 197 Mich App 321, 324; 495 NW2d 177 (1992) (discussing felony larceny). If evidence of a conviction of misdemeanor larceny is considered to contain an element of dishonesty, then surely every theft offense contains an element of dishonesty, and evidence of every theft would thereby be admissible pursuant to MRE 609(a)(1). MRE 609(a)(1) may not reasonably be construed in such a fashion because to do so, as mentioned above, would render MRE 609(a)(2) surplusage. Further, given that the Supreme Court has stated that larceny by false pretenses does contain an element of dishonesty, *Allen, supra,* p 596, n 17, it would seem reasonable to infer that simple larceny does not. Otherwise, the Court would have used larceny as its example. Therefore, in accordance with *Allen,* a conviction of misdemeanor larceny contains no element of dishonesty as that term is used in MRE 609(a)(1).

---

[6] The argument presented by the prosecution in its brief on appeal rests on the assumption that evidence of defendant's prior convictions was admitted pursuant to MRE 609(a)(2). While this subsection was discussed by the attorneys and the court, the court clearly stated that "we are talking about misdemeanors that contain an element of dishonesty or false statement. It comes in under [MRE 609](a)(1). " Therefore, the primary focus of our discussion is MRE 609(a)(1).

Defendant's prior conviction of second-degree retail fraud, MCL 750.356d; MSA 28.588(4), is somewhat more difficult to analyze. Though the statute under which defendant was convicted essentially prohibits shoplifting, broadly defined, there exist literally dozens of distinct manners in which one may violate the statute. Some of these permutations certainly do not involve dishonesty or false statement as those terms are used in MRE 609(a)(1). For example, if one commits larceny with respect to the property of a store, one has committed second-degree retail fraud, MCL 750.356d(1)(b); MSA 28.488(4)(1)(b). Evidence of such a conviction would not be admissible for impeachment purposes pursuant to MRE 609(a)(1) for the reason that evidence of a conviction for larceny is not admissible, even should one conceal the property in perpetrating the crime. See 28 *Federal Practice & Procedure*, § 6514, p 74, n 47 ("[c]ourts . . . would admit conviction evidence where the crime was committed through deceit, but not where it was committed through stealth or surreptitious activity" [citing *United States v Mehrmanesh*, 689 F2d 822, 833 (CA 9, 1982), relative to its discussion of FRE 609, the federal analogue of MRE 609]).

However, several of the actions prohibited by the statute certainly *do* involve dishonesty or false statement. For example, alteration of the price tag of an item held for sale by a store constitutes second-degree retail fraud. MCL 750.356d(1)(a); MSA 28.588(4)(1)(a). It would seem to be beyond cavil that this behavior involves deceit or untruthfulness. Therefore, in light of the fact that some of the behaviors prohibited by this statute involve *crimen falsi* and some do not, it would seem that whether evidence of

a conviction of violating MCL 750.356d; MSA
28.488(4) is admissible pursuant to MRE 609(a)(1)
turns on the specific factual underpinning of the
conviction.

Unfortunately, in the present case, we are given no
insight into the context surrounding defendant's con-
viction of second-degree retail fraud. He may well
have committed, in effect, larceny involving the prop-
erty of a store, evidence of a conviction of which is
not properly admissible pursuant to MRE 609(a)(1).
However, he may have committed some act involving
*crimen falsi*, in which case evidence of the convic-
tion would be admissible.

In the final analysis, we conclude that it is unneces-
sary to resolve this question because, assuming the
admission of evidence of defendant's conviction of
second-degree retail fraud to be in error as well, we
conclude that these errors were harmless. See, e.g.,
*People v Bartlett*, 197 Mich App 15, 19; 494 NW2d 776
(1992). Our Supreme Court has stated that a review-
ing court should disregard errors that do not affect
substantial rights when the preserved errors do not
involve fundamental rights. *People v Mateo*, 453 Mich
203; 551 NW2d 891 (1996). An error that affects "sub-
stantial rights" is one that is outcome-determinative.
*People v Grant*, 445 Mich 535; 520 NW2d 123 (1994).
In the present case, as discussed above, the evidence
overwhelmingly established that defendant shot the
victim in the back and that a second bullet barely
missed the victim's head. Thus, a reasonable juror
could find from the evidence presented at trial that
defendant was guilty of the charged crimes. Further-
more, defendant's prior convictions were only men-
tioned once and the reference was brief; the prosecu-

tor did not refer to the convictions during his closing or rebuttal argument. Given the circumstances, we cannot say that the correction of this relatively minor error would have influenced the jury in any significant respect.

Defendant's final argument is that the trial court abused its discretion in precluding the jury from considering defendant's testimony on direct examination that, immediately after the shooting, he said to the victim, "It was an accident," and "Are you hurt? I will call 911." After defendant testified regarding his statements to the victim, the prosecution objected on the basis that the statements were self-serving hearsay. The trial court found the exculpatory statements to be hearsay and instructed the jury to disregard them. Defense counsel did not object to the trial court's ruling and did not argue that the statements were not hearsay. We find that defendant has waived his assertion that the testimony was admissible by failing to first raise in the trial court the specific arguments that defendant now argues on appeal. See *Blake v Consolidated Rail Corp*, 176 Mich App 506, 520; 439 NW2d 914 (1989). In any case, even if the statements may have been admissible under one of the theories now argued by defendant (MRE 803[1] present sense impression, MRE 803[2] excited utterance), we do not believe that the error resulted in a miscarriage of justice. MCL 769.26; MSA 28.1096. Defendant did testify concerning his version of the events, including his calling 911, and the jury chose not to believe his version. It is not likely that the admission of these two self-serving statements would have affected the verdict.

Affirmed.

MARKMAN, P.J., concurred.

HOLBROOK, JR., J., *(dissenting)*. I respectfully dissent.

Although erroneously ruling that evidence of defendant's two prior misdemeanor theft convictions was admissible, the trial court properly characterized the case as a "one-on-one" credibility contest in which "[w]ho and what the jury believes is going to be pivotal." The court's erroneous and prejudicial evidentiary rulings[1] had a direct effect on the perception of defendant's credibility, yet the majority here concludes that the error in admitting evidence of these prior convictions was harmless because, in their opinion, the jury's verdict was not likely to have been influenced by the error, and defendant's guilt was "overwhelmingly established." The majority's conclusion negates the bright-line rule regarding what evidence of prior convictions is admissible under MRE 609(a)(1), established by our Supreme Court in *People v Allen*, 429 Mich 558; 420 NW2d 499 (1988), and is not supported by the record. First, as noted by the trial court, the credibility of the complainant and defendant was the "pivotal" issue to be decided by the jury. Second, review of the record belies a finding that evidence of defendant's guilt was overwhelming. Following two full days of testimony, the jury was given the option to find defendant guilty on count I of

---

[1] Standing alone, the trial court's erroneous exclusion of defendant's testimony reflecting his present sense impression, which inhibited his ability to present a defense, probably did not constitute error requiring reversal. However, in my opinion, the trial court's erroneous decision to allow the prosecutor to impeach defendant with evidence of the two prior misdemeanor convictions severely impaired defendant's right to receive a fair trial.

assault with intent to commit murder, the lesser felony offense of assault with intent to do great bodily harm less than murder, the misdemeanor offense of careless, reckless, negligent use of a firearm resulting in injury, or the misdemeanor offense of discharge of a firearm intentionally aimed without malice, and on count II of felony-firearm. The jury deliberated for approximately four hours over two days, sending three notes to the court, requesting pictures, medical records, the gun, the police report, defendant's police statement, and reinstructions concerning the lesser assault offense, the misdemeanor offense of careless, reckless, negligent use of a firearm, and reasonable doubt. Ultimately, the jury convicted defendant of the lesser felony assault offense and felony-firearm. Given this record, affirmance based on overwhelming evidence is insupportable. Third, defendant was the only defense witness, and, because his defense was that the shooting was accidental, and no witnesses (other than the complainant) were present at the scene, defendant's testimony on his own behalf was critical. Fourth, the prosecutor compounded the error by improperly phrasing the question to defendant during cross-examination as whether he had been previously convicted of crimes involving "a lack of truthfulness." Finally, the misdemeanor convictions were stale, being five and six years old.[2]

---

[2] See, e.g., *People v Clemons*, 177 Mich App 523, 527; 442 NW2d 717 (1989) (admission of the defendant's conviction of entry without owner's permission was not harmless error where prosecutor's case was not overwhelming and "a reasonable juror could have voted to acquit defendant if he had not been impeached"); *United States v Logan*, 302 US App DC 390, 403; 998 F2d 1025 (1993) (Mikva, C.J., dissenting in part) (the majority, which found no prejudice to the defendant from admission of evidence of prior misdemeanor conviction to impeach defense witness, has "virtually nullified" Rule 609 ). Cf. *People v Clark*, 172 Mich App 407, 419-420; 432

Thus, in my opinion, the majority's conclusion that the trial court's evidentiary errors were harmless constitutes a substitution of the majority's own judgment of defendant's guilt for that of the jury. "Jurors are the sole judges of the facts and neither the trial court nor this court can interfere with their exercise of that right." *People v Miller*, 301 Mich 93, 100; 3 NW2d 23 (1942); *People v Barker*, 411 Mich 291, 300; 307 NW2d 61 (1981).

I would reverse and remand for a new trial.

---

NW2d 726 (1988) (preamendment MRE 609; no error in admission of evidence of the defendant's misdemeanor conviction for receiving and concealing stolen property where it was completely dissimilar to current offense and other defense testimony supported the defendant's self-defense theory); *United States v Logan*, *supra* (error harmless because evidence of prior convictions was used to impeach a defense witness, not the defendant, the prosecutor did not emphasize convictions, and the government had "strong case" against the defendant); *United States v Scisney*, 885 F2d 325, 326-327 (CA 6, 1989) (admission of evidence of the defendant's prior shoplifting conviction was harmless error where the jury was aware of the defendant's "prior brushes with the law" and the government's case was a "strong one"); *McHenry v Chadwick*, 896 F2d 184, 189 (CA 6, 1990) (admission of evidence of the plaintiff's misdemeanor conviction for concealing stolen property was harmless error because the jury was already aware that the plaintiff was convicted of burglary and serving time for that offense).