# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JESSIE JAMES CAMPBELL,

        Defendant-Appellant.

UNPUBLISHED
February 9, 2016

No.   324271
Wayne Circuit Court
LC No.   14-002210-FH

Before:  SERVITTO, P.J., and SAAD and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals his jury trial conviction of assault with intent to do great bodily harm, MCL 750.84.  For the reasons provided below, we affirm.

## I. SUFFICIENCY OF THE EVIDENCE

Defendant argues that there was insufficient evidence to support his conviction.  We disagree.  When determining whether sufficient evidence was presented at trial to support a conviction, this Court must view the evidence in a light most favorable to the prosecution to determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt.  *People v Wolfe*, 440 Mich 508, 515; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992).  "[A] reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict."  *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).

Assault with intent to commit great bodily harm less than murder requires proof of (1) an attempt or threat with force or violence to do corporal harm to another (an assault), and (2) an intent to do great bodily harm less than murder.  *People v Parcha*, 227 Mich App 236, 239; 575 NW2d 316 (1997).  Assault with intent to commit great bodily harm is a specific intent crime. *Id.*  "The term 'intent to do great bodily harm less than the crime of murder' has been defined as intent to do serious injury of an aggravated nature."  *People v Mitchell*, 149 Mich App 36, 39; 385 NW2d 717 (1986), citing *People v Ochotski*, 115 Mich 601, 608; 73 NW 889 (1898).  "An actor's intent may be inferred from all of the facts and circumstances and because of the difficulty of proving an actor's state of mind, minimal circumstantial evidence is sufficient." *People v Fetterley*, 229 Mich App 511, 517-518; 583 NW2d 199 (1998) (citation omitted).

-1-

There was evidence that defendant fractured the victim's jaw by hitting him with a large board that had nails sticking out of it. The use of such a dangerous weapon is sufficient to allow the jury to reasonably infer that defendant had an intent to do great bodily harm. See, e.g., *People v Carines*, 460 Mich 750, 759; 597 NW2d 130 (1999).

Defendant also argues that the prosecutor failed to present sufficient evidence to disprove self-defense beyond a reasonable doubt. Under the common law, a person has the right to use force to defend himself under certain circumstances. *People v Riddle*, 467 Mich 116, 126; 649 NW2d 30 (2002). To be lawful self-defense, the evidence must show that (1) the defendant honestly and reasonably believed that he was in danger, (2) the danger feared was death or serious bodily harm, (3) the action taken appeared at the time to be immediately necessary, and (4) the defendant was not the initial aggressor. *Id.* at 119, 120 n 8. In general, a defendant does not act in justifiable self-defense when he uses excessive force or when the defendant is the initial aggressor. *People v Dupree*, 486 Mich 693, 707; 788 NW2d 399 (2010).

Once a defendant raises the issue of self-defense and produces some evidence from which a jury could conclude that the elements necessary to establish a prima facie defense of self-defense exist, the burden shifts to the prosecutor to disprove self-defense beyond a reasonable doubt. *People v Stevens*, 306 Mich App 620, 630; 858 NW2d 98 (2014).

Defendant testified that he punched James Kilson in response to Kilson's aggression and because he became scared when Kilson threatened to kill him. Defendant further testified that Kilson was struck with the board (with nails) while defendant was trying to deflect a blow with the board by Kilson. Notably, Kilson testified that, while he and defendant were arguing, defendant picked up the board and swung it at him, hitting Kilson in the jaw. Kilson denied ever picking up the board himself and denied threatening or harming defendant in any way.

When considering the sufficiency of the evidence, "[a]ll conflicts in the evidence must be resolved in favor of the prosecution and we will not interfere with the jury's determinations regarding the weight of the evidence and the credibility of the witnesses." *People v Unger*, 278 Mich App 210, 222; 749 NW2d 272 (2008). The jury was free to believe Kilson's versions of events, and his testimony, in which he denied harming or threatening defendant, was sufficient to prove beyond a reasonable doubt that defendant did not act in self-defense.

## II. CREDIBILITY OF DEFENDANT DURING POLICE INTERVIEW

Defendant argues that the trial court erred in admitting Officer James Aude's testimony regarding his assessment of defendant's credibility during a police interview. We hold that the issue is waived. The testimony was elicited by defense counsel after counsel asked Officer Aude, "[W]hat made you determine that [defendant was not being very truthful during his police interview]?" Officer Aude responded that he found defendant not truthful because of "not so much his body language but the way that he answered the questions." A defendant cannot seek the admission of evidence and then later claim that the admission was erroneous. See *People v Jones*, 468 Mich 345, 352 n 6; 662 NW2d 376 (2003); *Marshall Lasser, PC v George*, 252 Mich App 104, 109; 651 NW2d 158 (2002). Consequently, the issue is waived. *Jones*, 468 Mich at 352 n 6, citing *People v Carter*, 462 Mich 206, 214-215; 612 NW2d 144 (2000).

Defendant also argues that he was denied the effective assistance of counsel when defense counsel failed to request a mistrial. We disagree. To establish a claim of ineffective assistance of counsel, a defendant must satisfy a two-part test. *People v Carbin*, 463 Mich 590, 599-600; 623 NW2d 884 (2001). First, a defendant must show that counsel's performance was deficient, which "requires showing that counsel made errors so serious that counsel was not performing as the 'counsel' guaranteed by the Sixth Amendment." *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984). Second, a defendant must also show that counsel's deficient performance prejudiced the defense. *Id.* To demonstrate prejudice, a defendant must show a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *Strickland*, 466 US at 694; *Carbin*, 463 Mich at 600.

Defense counsel's performance was not deficient in failing to request a mistrial. Trial courts are to refrain from declaring mistrials until "'a scrupulous exercise of judicial discretion leads to the conclusion that the ends of public justice would not be served by a continuation of the proceedings.'" *People v Hicks*, 447 Mich 819, 829; 528 NW2d 136 (1994), quoting *United States v Jorn*, 400 US 470, 485; 91 S Ct 547; 27 L Ed 2d 543 (1971). While it is improper for a witness to comment or provide an opinion on the credibility of another person while testifying at trial, *People v Buckey*, 424 Mich 1, 17; 378 NW2d 432 (1985), the testimony did not taint the proceedings so much that a mistrial was necessary. Officer Aude's testimony was brief and isolated, and the prosecutor did not reference the testimony in his closing argument. Furthermore, the jurors were instructed that it was their job—and their job alone—to judge credibility. Considering these facts, we conclude that defendant failed to demonstrate prejudice, let alone prejudice so severe that a mistrial was the only remedy. Given that there was no serious prejudice, a request for a mistrial would have not been granted. Accordingly, counsel's failure to request a mistrial would have been futile and therefore cannot constitute ineffective assistance. See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010). Therefore, defendant has not established his claim of ineffective assistance of counsel.[1]

### III. PROSECUTORIAL MISCONDUCT

Defendant claims that the prosecutor committed misconduct by improperly shifting the burden of proof to defendant when questioning him about a video recording of his altercation with Kilson. We disagree. We review claims of prosecutorial misconduct de novo to determine whether a defendant was denied a fair and impartial trial. *People v Ackerman*, 257 Mich App 434, 448; 669 NW2d 818 (2003).

---

[1] Although not directly argued by defendant on appeal, we also note that he is not entitled to a new trial based on the fact that defense counsel was responsible for eliciting the testimony from Officer Aude in the first place. As already discussed, defendant cannot establish that he suffered any prejudice from Officer Aude's isolated statement. Accordingly, even if counsel's performance fell below an objective level of reasonableness in asking Officer Aude why he thought defendant was untruthful during his interview, there was not a reasonable probability that the outcome of the trial would have been different if the information had not been elicited.

It is improper for a prosecutor to comment on the defendant's failure to present evidence because such a comment is an attempt to shift the burden of proof. *People v Fyda*, 288 Mich App 446, 463; 793 NW2d 712 (2010). Nevertheless, once a defendant advances evidence or a theory, argument on the inferences created does not shift the burden of proof. *People v Fields*, 450 Mich 94, 115; 538 NW2d 356 (1995).

Defendant has shown no error in the prosecutor's questioning. Defendant testified that a video of the incident would corroborate his version of the events. When the prosecutor questioned defendant with respect to whether he knew the individuals that had possession of the video, the prosecutor was merely questioning defendant regarding defendant's own testimony. Defendant responded to the questions by indicating that he was unable to obtain the video from the person holding it. This exchange did not shift the burden of proof but was proper questioning regarding defendant's own testimony, which exposed a weakness in defendant's case. See *People v Shannon*, 88 Mich App 138, 145; 276 NW2d 546 (1979) (stating that commenting on a defendant's failure to provide corroborating witnesses when that defendant testifies that they exist is permissible). Furthermore, the prosecutor did not mention the video in his closing arguments. In fact, the prosecutor noted in his closing arguments that he had the burden "to provide all the evidence for [the jury]," to prove the elements of the offenses, and to disprove self-defense. In addition, the court instructed the jury that defendant "is not required to prove his innocence or to do anything." Under these circumstances, defendant has not shown how the prosecutor's questions deprived him of a fair trial.

Affirmed.


/s/ Deborah A. Servitto
/s/ Henry William Saad
/s/ Colleen A. O'Brien