*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JOHN EDDIE WILSON,

Defendant-Appellant.

UNPUBLISHED
July 23, 2019

No. 343990
Saginaw Circuit Court
LC No. 17-044269-FC

Before: O'BRIEN, P.J., and FORT HOOD and CAMERON, JJ.

PER CURIAM.

A jury convicted defendant, John Eddie Wilson, of assault with intent to do great bodily harm less than murder, MCL 750.84(1)(a). The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to serve 25 to 40 years' imprisonment for his crime. On appeal, defendant argues (1) there was insufficient evidence to convict him of assault with intent to do great bodily harm, and (2) he was denied his right to due process because the jury returned an improper compromise verdict. Defendant's legal arguments are without merit, and therefore we affirm his conviction and sentence.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Henry Sanches is an automotive mechanic, and in January 2017, defendant paid Sanches $2000 to replace an engine in defendant's truck. Sanches testified that in September 2017 he was working underneath a vehicle in the shop when he heard defendant call out for him. Defendant then struck Sanches's legs, stomach, and side of his body with a baseball bat. Sanches was able to get out from underneath the vehicle and grab defendant. However, Sanches testified that defendant then hit Sanches in the forehead with a nine-millimeter automatic revolver. Defendant then said he was going to return to the shop at noon to kill Sanches and another mechanic who worked in the shop. Sanches testified that he was able to call the police after defendant left. According to Saginaw Police Officer Bradley Holp, he discovered Sanches in the fetal position on the shop floor, bleeding from his head and unable to talk. Due to Sanches's condition, Officer Holp had to assist two paramedics to put Sanches on a stretcher. Eventually, Sanches identified defendant as the assailant, and Officer Holp went to a house

where defendant was living. The homeowner, Charsity Slaughter, answered the door and gave the officers permission to search the home. The officers recovered a baseball bat, and they eventually arrested defendant. Thereafter, defendant was charged with assault with intent to murder or, in the alternative, assault with intent to do great bodily harm. In addition, defendant was charged with felonious assault, possession of a firearm by a felon, carrying a concealed weapon, and three counts of possession of a firearm during the commission of a felony.

At trial, defendant offered a different story. Defendant testified that he went to Sanches's automotive shop and saw Sanches pinned under a van that had fallen off a jack. Defendant claimed that he ran back to his truck, got a jack, and used it to lift the van. Defendant testified that Sanches thanked him for saving Sanches's life. Defendant explained that he did not call an ambulance because Sanches "seemed fine."

The jury found defendant guilty of assault with intent to do great bodily harm less than murder, but acquitted defendant of the remaining charges. This appeal followed.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant argues that the evidence was insufficient to support his conviction of assault with intent to do great bodily harm. We disagree.

A claim of insufficient evidence is reviewed de novo. *People v Solmonson*, 261 Mich App 657, 661; 683 NW2d 761 (2004). This Court must determine "whether any rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt." *People v Wolfe*, 440 Mich 508, 515; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992). All "factual conflicts are to be viewed in a light favorable to the prosecution[.]" *Id.*

Before a defendant can be convicted of a criminal offense, due process requires that the prosecutor introduce sufficient evidence from which a trier of fact could reasonably conclude that the defendant is guilty beyond a reasonable doubt. *People v Hampton*, 407 Mich 354, 368; 285 NW2d 284 (1979). To find a defendant guilty beyond a reasonable doubt, circumstantial evidence and reasonable inferences that arise from the evidence may be sufficient to satisfy each element of a crime. *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999). This Court may not determine the weight of the evidence or the witnesses' credibility because determinations of credibility and questions of fact should be left to the trier of fact to resolve. *Wolfe*, 440 Mich at 514-515 (quotation marks and citation omitted).

Defendant argues that the prosecution did not establish beyond a reasonable doubt that he intended to do great bodily harm to Sanches or that he actually committed the charged offense. Defendant's arguments are without merit. Sufficient evidence was presented to support the jury's determination that defendant not only intended to do great bodily harm less than murder, but that he in fact committed the assault. Therefore, the prosecution provided sufficient evidence to support his conviction.

To convict a defendant of assault with intent to inflict great bodily harm less than murder, the prosecution must establish "an attempt or threat with force or violence to do corporal harm to another" and "an intent to do great bodily harm less than murder." *People v Parcha*, 227 Mich App 236, 239; 575 NW2d 316 (1997).

Intent to do great bodily harm less than murder is defined as "an intent to do serious injury of an aggravated nature." *People v Brown*, 267 Mich App 141, 147; 703 NW2d 230 (2005) (quotation marks and citation omitted). "Because of the difficulty in proving an actor's intent, only minimal circumstantial evidence is necessary to show that a defendant had the requisite intent." *People v Stevens*, 306 Mich App 620, 629; 858 NW2d 98 (2014). "Intent to cause serious harm can be inferred from the defendant's actions, including the use of a dangerous weapon or the making of threats." *Id*. See also *Parcha*, 227 Mich App at 239. Although actual injury to the victim is not an element of the crime, *People v Harrington*, 194 Mich App 424, 429-430; 487 NW2d 479 (1992), it may be indicative of a defendant's intent, *Stevens*, 306 Mich App at 629.

Even if this Court accepted defendant's argument that only Sanches's testimony supports his conviction, reversal is not required. "The victim's testimony alone can provide sufficient evidence to support a conviction." *People v DeLeon*, 317 Mich App 714, 719; 895 NW2d 577 (2016). In this case, Sanches testified that defendant beat him severely with a baseball bat on his legs, stomach, and side. Sanches also testified that defendant said he would return at noon to kill Sanches. Sanches's testimony about defendant's use of two different weapons and his threats supported defendant's conviction of assault with intent to do great bodily harm.

Defendant also incorrectly asserts that Sanches's testimony was the only evidence offered to support defendant's conviction. Officer Holp, defendant, and Slaughter provided testimony that corroborated Sanches's testimony. Defendant testified about his repeated visits to the automotive shop concerning the incomplete repair job that defendant paid Sanches to perform. According to Officer Holp, defendant even admitted that he had been at Sanches's shop earlier that morning and had argued with Sanches about work that was supposed to have been done on defendant's truck. Further, Officer Holp testified that he found Sanches in the fetal position and that he was bleeding from his forehead, groaning, not able to properly speak, and was obviously in severe pain. Officer Holp's testimony not only supported Sanches's claim that defendant beat him with a weapon, his observations directly conflicted with defendant's claim that Sanches "seemed fine" when defendant left the shop. Additionally, Defendant admitted at trial that he never told Officer Holp that a van had fallen on Sanches, notwithstanding defendant's claim at trial that he rescued Sanches from underneath the van.

Lastly, one of the weapons reportedly used in the assault was connected to defendant. Defendant testified that he brought his baseball bat with him to Sanches's shop in September 2017. Officer Holp, Slaughter, and defendant all agreed that defendant's baseball bat was found in defendant and Slaughter's home after the assault. Although the baseball bat was not tested for Sanches's bodily fluids, a "prosecutor need not negate every reasonable theory consistent with innocence." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). Rather, the prosecutor need only "prove the elements of the crime beyond a reasonable doubt" and "convince the jury 'in the face of whatever contradictory evidence the defendant may provide.' " *Id*. (citation omitted).

## B. COMPROMISE VERDICT

Defendant also argues that an improper compromise verdict was returned in this case. We disagree.

If "persuasive indicia of jury compromise" exist, "reversal may be warranted in certain circumstances." *People v Graves*, 458 Mich 476, 487-488; 581 NW2d 229 (1998). Such indicia may exist

> where the jury is presented an erroneous instruction, and: 1) logically irreconcilable verdicts are returned, or 2) there is clear record evidence of unresolved jury confusion, or 3) . . . where a defendant is convicted of the next-lesser offense after the improperly submitted greater offense. [*Id*. at 488.]

Because defendant argues that the evidence was insufficient to support the charge of assault with intent to murder or the ultimate conviction of assault with intent to do great bodily harm, he further contends there was an improper compromise verdict because he was tried on "many unsubstantiated charges" but was convicted of only "a single, lesser included offense." However, as discussed above, the prosecution submitted sufficient evidence to support defendant's conviction. Moreover, defendant's argument is premised on the assumption that jurors do not follow their instructions. However, it is well established that jurors are presumed to follow their instructions. *Graves*, 458 Mich at 486; *People v Hana*, 447 Mich 325, 351; 524 NW2d 682 (1994).

In this case, the jurors were instructed to not give up their own honest opinions, even if other jurors disagreed with them. Any conclusion that the jury could not properly convict defendant of one charge and simultaneously acquit him of the remaining charges would be "based on judicial speculation that jurors who have acquitted the defendant have compromised their views despite an express direction from the trial court to the contrary." *Graves*, 458 Mich at 486 (quotation marks and citation omitted).

We conclude that there was sufficient evidence to convict defendant of assault with intent to do great bodily harm. We further conclude that defendant is not entitled to a new trial based an improperly submitted greater offense.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Karen M. Fort Hood
/s/ Thomas C. Cameron