*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

BRYANT RECTOR,

        Defendant-Appellant.

UNPUBLISHED
July 15, 2021

No. 352619
Wayne Circuit Court
LC No. 19-005890-01-FH

Before: RIORDAN, P.J., and M. J. KELLY and SHAPIRO, JJ.

PER CURIAM.

Defendant, Bryant Rector, appeals as of right his jury trial conviction of assault with intent to cause great bodily harm, MCL 750.84. For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

This case arises following a minor motor-vehicle crash between Rector and Justin Woodard. Both had been traveling through an intersection that was being treated as a four-way-stop because of a power outage. Following the collision, Woodard drove to a side street to assess the damage to his vehicle. Rector pulled his vehicle behind Woodard. Rector got out of his vehicle and spoke to Woodard. At the time, both men were standing in front of Rector's vehicle and behind Woodard's vehicle. Woodard told Rector that he had a driver's permit and seven-day insurance. Rector inquired whether Woodard had any money. Woodard said that he did not. Both men testified that the encounter was cordial.

Rector stated that he was going to call the police and returned to his vehicle. Woodard started walking back to his vehicle. Rector then accelerated his vehicle, hitting Woodard and knocking him to the ground. A witness to the incident waited approximately 30 seconds after Rector left the scene and then checked on Woodard, who was unconscious and bleeding from a wound to his head. After emergency services arrived on scene, Rector returned and admitted hitting Woodard with his vehicle. Rector stated that he thought Woodard was going to get a gun and rob him. He testified that he had been hearing stories in the news about people causing minor traffic incidents to get people to stop in areas where they could then be robbed, and he believed

-1-

that was what was happening. He stated that he fled the scene to avoid being attacked and that, as he was leaving, he accidentally hit Woodard.

## II. SUFFICIENCY OF THE EVIDENCE

### A. STANDARD OF REVIEW

Rector argues this Court must reverse his conviction of assault with intent to do great bodily harm because there was insufficient evidence to support a finding that he intended to do great bodily harm. Challenges to the sufficiency of the evidence are reviewed de novo. *People v Lanzo Constr Co*, 272 Mich App 470, 473; 726 NW2d 746 (2006).

### B. ANALYSIS

"Due process requires the prosecution in a criminal case to introduce sufficient evidence to justify a trier of fact in its conclusion that the defendant is guilty beyond a reasonable doubt." *People v Breck*, 230 Mich App 450, 456; 584 NW2d 602 (1998). In determining if sufficient evidence exists to sustain a conviction, this Court reviews the evidence in the light most favorable to the prosecution, and considers whether there was sufficient evidence to justify a rational trier of fact in finding guilt beyond a reasonable doubt." *People v Harris*, 495 Mich 120, 126; 845 NW2d 477 (2014). "Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999) (quotation marks and citation omitted).

The elements of assault with intent to do great bodily harm are: "(1) an attempt or threat with force or violence to do corporal harm to another (an assault), and (2) an intent to do great bodily harm less than murder." *People v Parcha*, 227 Mich App 236, 239; 575 NW2d 316 (1997). The second element requires proof of a specific intent rather than a general intent. *Id*. "[T]he distinction between specific intent and general intent crimes is that the former involves a particular criminal intent beyond the act done, while the latter involves merely the intent to do the physical act." *People v Beaudin*, 417 Mich 570, 573-574; 339 NW2d 461 (1983). "Because intent may be difficult to prove, only minimal circumstantial evidence is necessary to show a defendant entertained the requisite intent." *People v Harverson*, 291 Mich App 171, 178; 804 NW2d 757 (2010). "A factfinder can infer a defendant's intent from his words or from the act, means, or the manner employed to commit the offense." *People v Hawkins*, 245 Mich App 439, 458; 628 NW2d 105 (2001) (citation omitted).

Rector argues that there is insufficient evidence to support a finding that he intended to hit Woodard with his car. In support, he points to testimony from Woodard and himself and there was no animosity between them during the initial encounter. He also directs this Court to his testimony that he believed Woodard was setting him up and intended to rob him. Finally, he notes that he returned to the scene to explain to law enforcement what had happened. However, although such testimony would allow for an inference that Rector did not intend to hit Woodard with his vehicle, we must view the evidence in the light most favorable to the prosecution.

Viewed in the proper light, there is sufficient evidence to support a finding of intent. Woodard had his back turned and was walking back to his vehicle when Rector put his vehicle into drive and accelerated toward him. A witness testified to hearing the acceleration. He looked up and saw Rector's vehicle hit Woodard. He stated that after hitting Woodard the vehicle "paused" before pulling away. Based on damage to the driver's side of Rector's vehicle, the jury could infer that Rector had to deliberately maneuver his vehicle so as to hit, rather than avoid hitting, Woodard. Further, based on the "pause" after hitting Woodard, the jury could infer that he intended to hit Woodard and, after doing so successfully, he decided to leave the scene completely. Although Rector claimed that he was going to drive to the nearest police station, he remained close enough to the area that he was able to hear when the emergency vehicles arrived. Further, although he testified that he was in the process of calling the police when Woodard started walking toward his vehicle, he did not complete that call even after what was an otherwise minor traffic accident had evolved into a hit-and-run. Viewing the above facts in the light most favorable to the jury's verdict, there was sufficient evidence to support a finding that when Rector sped up to hit Woodard with his vehicle, he intended to hit him. Further, given that he struck Woodard from behind with a motor vehicle, the jury could reasonably infer that in doing so he specifically intended to inflict great bodily harm upon him.

## III. INEFFECTIVE ASSISTANCE

### A. STANDARD OF REVIEW

Rector also argues that his trial lawyer provided constitutionally deficient assistance because she did not request a self-defense instruction. "When no *Ginther*[1] hearing has been conducted, our review of the defendant's claim of ineffective assistance of counsel is limited to mistakes that are apparent on the record." *People v Mack*, 265 Mich App 122, 125; 695 NW2d 342 (2005).[2]

### B. ANALYSIS

To establish ineffective assistance by his or her lawyer, a defendant must show the lawyer's performance was objectively deficient and that the deficiencies prejudiced the defendant. *People v Randolph*, 502 Mich 1, 9; 917 NW2d 249 (2018). When evaluating the reasonableness of the defense lawyer's performance, the reviewing court must determine "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012) (quotation marks and citation omitted). A defendant is prejudiced if there is a reasonable probability, i.e., "a probability sufficient to undermine confidence in the outcome," that in the absence of the defense lawyer's unprofessional errors the result of the proceedings would have been different. *Randolph*, 502 Mich at 9. We presume that the defendant's lawyer provided effective assistance, "and the

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[2] Rector alternatively requests that this Court remand for a *Ginther* hearing. We decline to do so because we are not persuaded that further factual development would advance his claim. See *People v Chapo*, 283 Mich App 360, 368-369; 770 NW2d 68 (2009).

defendant bears a heavy burden of proving otherwise." *People v Solmonson,* 261 Mich App 657, 663; 683 NW2d 761 (2004).

In this case, while denying the defense motion for a directed verdict, the trial court expressed confusion as to why the defense lawyer had not requested a self-defense instruction. In response, the defense lawyer stated that it was because Rector was not trying to hit Woodard. She explained that "self-defense implies he was trying to hit the guy to defend himself, [but] he wasn't trying to hit the guy." She reasoned that requesting a self-defense instruction would, therefore, "undermine the defense." On further inquiry from the court, the defense lawyer stated that a self-defense instruction would make "the jury think that maybe he meant to do it, [but] he didn't mean to do it. That is just the honest truth, that he did not mean to hit him." The court responded by stating, "You don't want me to instruct on self-defense?" Rector's lawyer repeated that she did not think it was good for the case because "self-defense implies that he meant to hit him." She then argued during closing argument, consistent with Rector's testimony, that he did not intend to hit Woodard and that doing so had been an accident.

Rector's lawyer's decision to proceed solely with a defense of accident was part of the defense strategy. "A finding that a defendant acted in justifiable self-defense necessarily requires a finding that the defendant acted *intentionally*, but that the circumstances justified his actions." *People v Heflin*, 434 Mich 482, 503; 456 NW2d 10 (1990) (emphasis added). In contrast, a defense of accident requires a finding that the defendant did not act intentionally when doing the otherwise criminal act. See M Crim JI 7.3a. Although a defendant may present inconsistent theories to the jury, it is possible that doing so would undermine both defenses. In regard to this case, the defense lawyer made the strategic decision to proceed solely with an accident defense. "This Court will not substitute its judgment for that of counsel regarding matters of trial strategy, nor will it assess counsel's competence with the benefit of hindsight." *People v Rockey*, 237 Mich App 74, 76-77; 601 NW2d 887 (1999). See also *People v Nickson*, 120 Mich App 681, 687; 327 NW2d 333 (1982) ("The decision to proceed with an all or nothing defense is a legitimate trial strategy."). Consequently, we conclude that Rector had not satisfied his burden of proving his defense lawyer's performance was deficient.

Moreover, even if he could show his lawyer's performance was deficient, Rector cannot show that, but for his lawyer's deficient performance the outcome of the proceedings would have been different. An individual not engaged in criminal activity may use deadly force against another individual anywhere she has a legal right to be with no duty to retreat if he or she "honestly and reasonably believes that the use of deadly force is necessary to prevent the imminent death of or imminent great bodily harm to himself or herself or to another individual." MCL 780.972(1)(a). Here, Rector testified that he accidentally hit Woodard with his vehicle because he was afraid that Woodard might be getting a gun to rob him. The basis for his fear was not any specific action that Woodard took. Rather, Rector explained that he had heard about robberies preceded by minor car accidents in the news and thought that he might be in such a situation. Despite that generalized fear, Rector never testified to believing he was in *imminent* danger of death or great bodily harm. Further, he explicitly denied an intentional use of deadly force, testifying instead that he only accidentally hit Woodard while driving away. Given that his testimony did not, in fact, support a self-defense instruction, there is not a reasonable probability that if such an instruction had been given, he would have been acquitted of assault with intent to do great bodily harm.

Affirmed.

/s/ Michael J. Riordan
/s/ Michael J. Kelly
/s/ Douglas B. Shapiro